## MASSEY v. STEELE'S ADM'R.

1. The receiving a plea in abatement, after the time for filing such a plea has passed, is matter of discretion in the court below, and cannot be reviewed in this court.

2. It is no answer to a plea in abatement, alledging that the defendant was dead at the commencement of the suit, that in the progress of the suit he appeared by attorney, as a dead man cannot appear by attorney.

3. The defendant is entitled to costs upon a judgment abating the suit.

Error to the Circuit Court of Jefferson.

Suit commenced by attachment, against the intestate of the defendant in error. The attachment was returned executed, and at the return term of the writ, a declaration was filed.

At this term, John D. Phelan, an attorney of the court, and as a friend of the court, suggested to the court, that the defendant in the attachment was dead when the attachment issued, and prayed judgment of the attachment, and that the same be quashed. Subsequently, at the same term, the following entry was made:

"Came the parties by their attorneys, and the motion to quash the attachment coming on to be heard, it is considered by the court that said motion be overruled, and touching the suggestion of the death of Jonathan Steele, the court refused to compel the plaintiff to join issue upon the same."

At the succeeding term, the plaintiff suggested the death of Steele, and a *scire facias* was ordered to issue to his representatives. The writ issued, and was returned executed previous to the fall term, 1841. At the spring term, 1842, the administrator filed his plea in abatement, setting out that the intestate was dead, when the writ of attachment issued.

The plaintiff objected to the reception of this plea, because it was not filed in proper time, but it appearing to the court, that at the October term, 1841, which was the first term after the administrator was made a party, no court was held, on account of the absence of the judge, and that the plea was filed at the next court held for the county, the court overruled the objection to the plea, and permitted it to be filed.

The plaintiff then replied, setting out the facts shown upon the minutes of the court, of the appearance by attorney of the parties, and the refusal of the court to quash, &c. &c.

To this the defendant demurred, and the court sustained the demurrer, and thereupon the plaintiff took issue upon the plea in abatement, which was found for the defendant, and judgment rendered against the plaintiff for costs.

He now assigns for error—

1. The court erred in receiving the plea in abatement.

2. In sustaining the demurrer to the plaintiff's replication.

3. In rendering judgment against the plaintiff for costs.

E. W. PECK, for plaintiff in error:

1. The plea in abatement should have been rejected, because it was not plead in time. [See the 12th Rule of the Practice of the Circuit and County Courts.]

2. The demurrer to the replication of the plea in abatement should have been overruled—1. Because the defendant was estopped by the record from alledging the death of his intestate in abatement of the attachment—2. Because the matter of the plea cannot be made available to abate the attach-

ment; for this reason the demurrer to the replication should have been visited upon the plea.

3. If the suit was properly abated on the plea because of the death of the debtor before the attachment issued, then no judgment should have been rendered against the plaintiff, but the judgment should have been that the suit abate, &c.

ERNEST, contra.

ORMOND, J.—Our first impression was, that the court below erred in receiving the plea of the defendant, to abate the suit, as it was not filed at the first term of the court after the administrator was made a party, according to the requirement of the 12th rule of practice. Subsequent reflection has satisfied us, that this question is not open for consideration in this court, as we have several times held, and especially in Cobb v. Force, Miller & Co. 9 Ala. 499, that the rule is not imperative on the primary court, but that it may for good cause permit a plea in abatement to be filed, although the first term may have passed. That is in effect, that the court may in the exercise of a sound discretion permit the plea to be filed after the time for filing it has passed. Such being the case, it is not revisable in this court.

We think the demurrer was properly sustained to the replication of the plaintiff. Waiving the consideration of the right of the plaintiff to reply as an answer to the fact alledged in the plea, matter of record in the same cause, the fact therein alledged was no answer to the plea. First—Because a dead man could not appear by attorney; and secondly, because the record shows that the attorney did not profess to appear for the defendant, but as *amicus curiæ*. The statement of the fact, that the parties appeared by their attorneys, is controlled by the record showing the character of the appearance, and in addition, states an impossibility, an appearance for a dead man.

The defendant was entitled to his costs. Such would be the rule in England, [Tidd's Prac. 589] and our statute is much more comprehensive than the statute of Gloucester, as

it declares that in all cases in civil actions, the party in whose favor judgment shall be given, or in case of non-suit, &c. shall be entitled to full costs.

Let the judgment be affirmed.