## VAUGHAN vs. ROBINSON.

1. In appeal cases, after the defendant has pleaded to the merits, and the cause has been pending several years, and several trials have been had, it is not discretionary with the court to allow the defendant to withdraw his plea, and to plead in abatement to the jurisdiction of the justice.

2. The first head-note to the case of Massey v. Steele's Adm'r, 11 Ala. 340, corrected and limited.

3. In appeals, as in other cases, pleas in abatement must be filed at the first term at which they can be pleaded, if the declaration or statement has been filed, and the plaintiff is in no default.

ERROR to the Circuit Court of Lowndes.

Tried before the Hon. NATHAN COOK.

GEO. S. COX, for plaintiff in error:

1. This cause having been "three times" tried in the Circuit Court, after the appeal, on the general issue, "non assump-

sit," the court erred in permitting the defendant to withdraw his plea of non assumpsit after the cause came from the Supreme Court, and file his plea in "abatement." This plea, if good at all, should have been filed on the first trial before pleading to the merits. Wilson v. Oliver, 1 Stewart 46; Cleveland et al. v. Chandler, 3 Stewart 489; Sadler, surviving partner, v. Fisher's Adm'rs, 3 Ala. R. 200; Bentley v. Wright, 2 ib. 607; Hart v. Turk, 15 Ala. 675; Vaughan v. Robinson, 20 ib. 229. This plea was filed against the express objection of the plaintiff in error.

2. The plea in abatement should have been struck out on the motion being made by the plaintiff in error. Hart v. Turk, 15 Ala. 675, and cases before cited.

3. This being an appeal from a justice of the peace, the plea in abatement, or objection to the jurisdiction, ought to have been in the Justices' Court, and cannot, for the first time, be made in the Circuit Court, wherein appeal causes are tried *de novo*, as if originating in the Circuit Court. Slaton v. Apperson, 15 Ala. 721; Carter, Hogan & Plowman v. Douglass, 2 ib. 499; Hill & Proctor v. White, 1 ib. 576.

4. The charge asked by the defendant below and given by the court, was error, to-wit: that if the jury believed from the evidence that more than fifty dollars was due when the suit was brought, that they must then find for the defendant. It is the amount recovered before the justice, and not the amount claimed, which determines the question of jurisdiction. Rose v. Thompson, 17 Ala. 628; Cothran et al. v. Weir, 3 ib. 24; Bentley et al. v. Wright, ib. 607.

5. The last charge given in bill of exceptions is error. The record shows that the justice gave judgment for the defendant for costs; therefore, the plaintiff in error had the right to remit, and bring his cause within the jurisdiction of the Circuit Court.

WATTS, JUDGE & JACKSON, *contra:*

1. In all appeals from justices of the peace, the issue is to be made up "at or before the trial." Clay's Digest 314, 115, § 10.

2. At the trial, in this cause, the court permitted the plea of non assumpsit to be withdrawn, and a plea to the jurisdic-

tion to be filed; it was discretionary with the court to permit this, or not; and the exercise of this discretionary power cannot be revised on error.   11 Ala. 340; 9 ib. 499, 500.

3. Although there had been previous trials on the plea of non assumpsit, and issue thereon, yet the judgments rendered on those trials had been reversed and held for naught; and at the last trial, the cause stood as though no trial before had ever been had; can the authority of the court, to permit an issue to be then made up between the parties, be disputed ?

4. The 12th rule for the regulation of the Circuit and County Courts, which relates to pleas in abatement, (Clay's Digest 610,) has no application to cases originating before justices of the peace.   But if it has, still "the receiving a plea in abatement, after the time for filing such a plea has passed, is matter of discretion in the court below, and cannot be reviewed in this court."   Massey v. Steele's Adm'r, 11 Ala. 340; Cobb v. Miller, Ripley & Co., 9 ib. 499, 500.

5. The plea in this case was not demurred to, and therefore no question can be raised in this court, as to its legal sufficiency; that a plea to the jurisdiction may be filed in such a case, however, see Crabtree et al. v. Cliatt, decided at the present term; opinion by Ligon, Judge.

6. The right to file such a plea, in such a case, being settled, it follows of course, that the charge given thereon, which was excepted to, is not erroneous.   Crabtree v. Cliatt, *supra.*

7. The decision of the court below that plaintiff could not give the court jurisdiction by then releasing a portion of his demand, was entirely proper; such release should have been made before the justice, who originally tried the cause; when made for the first time in the appellate court, it could not operate to give that court jurisdiction.

CHILTON, C. J.—This was an appeal from a justice of the peace, by Robinson, against whom Vaughan had obtained judgment for $45, besides cost.   Vaughan filed his statement in the Circuit Court for $45, to which the appellant, Robinson, pleaded the general issue, non assumpsit.   After many continuances, and several trials, and one reversal in this court (see 20 Ala. R. 229) the cause having been remanded from this to the Circuit Court, the defendant was allowed to with-

34

draw his plea of non assumpsit, and plead in abatement that the demand sued on before the justice amounted to $50 $\frac{60}{100}$ when the suit was instituted, and consequently, the justice had no jurisdiction. This was objected to by the plaintiff below, but the objection was overruled. The circuit judge also refused to strike out the plea in abatement, and charged the jury that, if defendant had proved that the demand before the justice amounted to over fifty dollars when suit was instituted, they should find for the defendant.

These several rulings were excepted to, and are here assigned for error.

Two cases are cited by the counsel for the defendant in error, as justifying the action of the Circuit Court in allowing this plea to be filed. The first is Cobb v. Miller, Ripley & Co., 9 Ala. R. 499. In that case, the attachment was made returnable to the Fall term 1842, and the court, as the record recited, "for sufficient reasons appearing, notwithstanding the objection of the plaintiff, gave leave to the defendant to plead in abatement at the next succeeding term." The court said, there was nothing showing that the declaration had been filed previous to the time the plea in abatement was exhibited, and although it may have been competent for the defendant to have pleaded to the writ of attachment, yet he might wait until the filing of the declaration, &c.; and it is further said, it could not be assumed that the statutory time for pleading had not been extended. This decision merely shows that the twelfth rule of practice is not so imperative as to require a literal compliance in all cases, and that under some circumstances pleas in abatement may be allowed, although "it does not appear from the endorsement of the clerk they were filed within the time allowed for pleading;" that a departure may sometimes become entirely proper by the act or omission of the plaintiffs.

The second case cited is that of Massey v. Steele's Adm'r, 11 Ala. R. 340, the first head-note of which reads as follows: "The receiving a plea in abatement after the time for filing such a plea has passed, is matter of discretion in the court below, and cannot be reviewed in this court." That was an attachment against an individual who had died before the writ was sued out. The plaintiff, at the second term after its

return, issued a *scire facias* to make his administrator a party. It appears that no court was held at the return term of the *scire facias*, and the administrator, coming in the next term, pleaded the death of the intestate at the time of the issue of the attachment in abatement. This plea was allowed, our predecessors holding that the court for good cause might permit the plea to be filed after the first term, and that such filing rested in the sound discretion of the court, and was consequently not revisable on error.

By the ancient rules of pleading, the defendant could not plead a dilatory plea after a general imparlance: 2 M. & Sel. 484; 1 Chitty's Pl. 437; if he pleaded in abatement, or to the jurisdiction of the court, at a term subsequent to that at which the declaration was filed, without a special imparlance, the plaintiff might assign judgment for want of a plea: 2 Saund. 1, n. 2; 1 Chitty's Pl. 437, note q.; and although a special imparlance was with a saving of all exceptions to the writ, bill or count, and allowed the defendant to plead in abatement, yet it was said he could not plead to the jurisdiction of the court, unless founded on a personal privilege, as that of an attorney, &c. Bac. Abr. Pleas c. 4; 1 Chitty, *supra*. It required what was termed "a general special imparlance," which was a saving of all exceptions whatsoever, as well to the writ, as to the jurisdiction, to entitle a defendant to the latter plea at a subsequent term. 1 Chitty's Pl. 438.

The reason why the defendant was required to be so prompt in putting in such pleas, was, that they merely worked delay, did not affect the merits of the controversy, and were consequently required to be pleaded as early as practicable, so that the plaintiffs might bring a proper suit, or resort to the proper forum for redress.

The same strictness does not obtain with us; but the rule applies, and is generally pretty rigidly adhered to, that pleas in abatement must be filed at the appearance term, and within the time allowed for pleading; and if not so filed, they are to be rejected, unless further time has been allowed. After a general continuance, the plaintiff being in no default, matter existing and which could have been pleaded at the previous term, cannot be pleaded in abatement as a general rule. We are not prepared to say that there may not be peculiar cir-

Vaughan v. Robinson.

cumstances under which the court, in the exercise of a sound discretion, may allow such plea at a subsequent term. The cases above cited seem to establish this doctrine. In these cases, however, no plea to the merits had been filed, and we are not disposed to question the correctness of the conclusion attained in them. But there is a marked distinction between them and the case now presented. In this, the defendant had pleaded to the merits—had obtained several continuances, had three times tried the cause, and after having controverted it upon the merits for four years, he is then allowed to withdraw his defence to the merits, and, as matter of right, to plead in abatement of the suit, that it was commenced in the wrong forum; that the demand exceeded the justice's jurisdiction by sixty cents, notwithstanding the recovery was five dollars less than the limit of such jurisdiction. If such practice were sanctioned, it would allow defendants to stave off trials upon the filing of pleas to the merits, until the statute of limitations had perfected a bar to the action, when brought in the court to which the subsequent plea in abatement should remit the plaintiff for his remedy.

The defendant had, long before the filing of his plea to the jurisdiction, waived his right to plead it, by pleading the general issue, and proceeding to trial time and again upon it. He cannot be permitted to put the party in a large bill of costs, in a controversy about an issue of his own tendering upon the merits, and then to abandon that issue and turn him out of court upon the ground that the justice, who sent up the appeal, had no jurisdiction. His admission of record imported by his plea in bar, that he is rightly in court, and upon which he has gained the advantage of trials and continuances, and on which his adversary has acted, incurring cost, estops him from denying the jurisdiction of the court in a case like this, where a plea is required to bring the want of jurisdiction to the knowledge of the court. The court had no discretionary power to deprive the plaintiff of the benefit of this waiver. At least, if it were discretionary, it is such a discretion as must be exercised consistently with the rules of law, and if in violation of these rules, we must revise it. Were the rule otherwise, the party in many cases would have his remedy taken from him without any redress whatever.

The two cases relied upon by the counsel for the defendant in error, above referred to, must be confined to their facts. The general proposition asserted by the first head-note in the case cited in 11th Ala. Rep., is clearly an incorrect assertion of the rule of law, as applied to such cases as the one before us. The pure discretion of the court must be confined to cases in which the defendant has not pleaded to the merits, and the plaintiff has not acted upon his waiver of the matter in abatement.

Let the judgment be reversed, the plea in abatement ordered to be stricken out, and the cause remanded for further proceedings on the merits, if the defendant chooses to renew the controversy in the court below.

We think it immaterial to the present inquiry, whether the twelfth rule of practice applies to cases of appeals from justices or not; aside from that rule, the general law fully sustains the view we have taken; but we are of opinion that in appeals, as in other cases, pleas in abatement must be filed at the first term at which they can be pleaded, if the declaration or statement has been filed, and the plaintiff is in no default. The same reason for the rule applies to appeals as to other cases.