|105  545|
|o140 438|

# Hawkins v. Armour Packing Co.

## *Attachment Suit.*

1. *Pleading and practice; time of filing plea in abatement within discretion of court.*—The allowance of a plea in abatement after the time for filing such a plea has passed is within the discretion of the court; but the exercise of this discretion is confined to cases in which the defendant has not pleaded to the merits of the case, and the plaintiff has not acted upon his waiver of the matter in abatement

2. *Same; plea in abatement too late when filed after mistrial on issue joined on pleas in bar.*—Where in an attachment suit, after the defendant's plea in abatement on account of alleged variances between the affidavit, bond and attachment and the complaint is properly stricken from the file because it was filed too late, a mistrial is had upon issue joined upon pleas in bar thereupon filed, and at the next succeeding term of the court, after a second trial is entered upon, the defendant withdraws his pleas in bar, and refiles the plea in abatement, such latter plea in abatement should be stricken from the file, on motion of plaintiff.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.
The facts of the case are sufficiently stated in the opinion.

BOWMAN & HARSH, for appellant.—There are two dis-

tinct, legitimate objects of the attachment law. (a.) To take and hold defendant's property till judgment can be obtained condemning it. (b.) To bring non-resident defendants into court that personal judgment may be rendered.—*Decatur & Nashville Imp. Co. v. Crass*, 97 Ala. 525; *Meyer v. Keith*, 99 Ala. 519; *Peebles v. Weir*, 60 Ala. 416; *Sims, Harrison & Co. v. Jacobson & Co.*, 51 Ala. 187; Code of 1886, §§ 2996, 2998.

2. When a personal judgment is sought and there is an appearance or its equivalent, shortcomings affecting only the right to take, hold, and condemn the property, should be disregarded.—Code of 1886, § 2998. After the general appearance, plaintiff could have dismissed the attachment proceedings and proceeded to personal judgment.

3. Either the statutory notice of the levy, required to be given by the sheriff, or the filing of a replevy bond is notice of the suit, and in the city court of Birmingham defendants would be required to demur or plead within thirty days thereafter, and failing therein, judgment by default could be taken.—*Chastain v. Armstrong*, 85 Ala. 215; *Blyler v. Kline*, 64 Pa. St. 130; *Peebles v. Weir*, 60 Ala 413; Acts 1888–89, p. 995, § 5; *King v. Bucks*, 11 Ala. 217; *Richard v. Mooney*, 39 Miss. 357; Drake on Attachments, § 332.

4. A plea in abatement comes too late, and is waived when the cause is ripe for judgment by default.—Rule 12, p. 808, Code 1886; *Beck v. Glenn*, 69 Ala. 126; *Peebles v. Weir*, 60 Ala. 413.

5. Plaintiff at least had the right to amend.—Code 1886, § 2998; *Richards v. Bestor*, 90 Ala. 352.

HEWITT, WALKER & PORTER, *contra.*—The ground of the motion to strike the plea because it was filed too late, was properly overruled. The receiving of a plea in abatement after the time for filing such plea is matter of discretion with the trial court. There may be particular circumstances under which the court should allow a plea in abatement to be filed even at a subsequent term.—*Massey v. Steele*, 11 Ala. 340; *Vaughan v. Robinson*, 22 Ala. 523.

HEAD, J.—The plaintiff, Hawkins, Admr., sued out attachment against defendants, a partnership, doing

[Hawkins v. Armour Packing Co.]

business in the name of Armour Packing Co., on the 15th day of April, 1892. On the same day, the sheriff of Jefferson county levied it on certain personal property of defendants, and, though the attachment was sued out on the ground that defendants were non-residents of this State, the return shows that they were found in Jefferson county, and written notice of the levy was given them by the sheriff, in which notice they were required to appear and plead or demur to the complaint filed in the cause, within thirty days thereafter. On the same day, they replevied the property levied on, giving the usual bond, reciting the issuance of the attachment, the levy, the delivery of the property to them upon the execution of the bond, and their obligation to deliver it to the sheriff within thirty days after judgment against them in the suit. The bond was returned to court with the other papers, as required by the statute.— Code, § 2964. Three days later the plaintiff filed his complaint in the cause. The defendants took no further steps in the cause, until April 3d, 1893, when their attorneys entered a general appearance. Seven days thereafter, these attorneys filed a plea in abatement, on account of an alleged variance between the affidavit, bond and attachment and the complaint; and when the cause came on for trial, on June 15th, 1893, on motion of plaintiff the court struck said plea from the file on the ground, among others stated in the motion, that it was filed too late. Thereupon the defendants filed demurrers to the complaint and pleas in bar, and the parties entered upon a trial of the cause. The court overruled the demurrers, and a mistrial was had, upon issue joined upon the pleas, and the cause continued until the next term. During the next term, viz., on October 11th, 1893, after another trial had been entered upon, and a witness examined, the court granted the defendants leave to withdraw their demurrers and pleas in bar, and to refile their said plea in abatement, which were done; whereupon the plaintiff re-interposed his motion to strike the said plea from the file. The court overruled the motion, and the plaintiff declining to take issue of law or fact upon the plea in abatement, the court rendered judgment dismissing the cause and taxing plaintiff with the costs. This ruling is assigned as error. We think the principles settled in *Vaughn v. Robinson,*

22 Ala. 519, decisive of the question here presented. It had been said in *Cobb v. Miller, Ripley & Co.*, 9 Ala. 499, and in *Massey v. Steele*, 11 Ala. 340, that receiving a plea in abatement after the time for filing such a plea has passed is matter of discretion in the court. These cases were reviewed and limited in *Vaughn v. Robinson*, 22 Ala. 519, *supra*, where it was held that, if discretionary, it is such a discretion as must be exercised consistently with the rules of law, and if in violation of these rules, we must revise it. The court said: "The pure discretion of the court must be confined to cases in which the defendant has not pleaded to the merits, and the plaintiff has not acted upon his waiver of the matter in abatement." The facts and reasoning of that case, which denied the allowance of the plea in abatement, bring the present case under its influence. If, when the city court struck out the plea in abatement, the stage of defendants' delay was such as to make it a case purely within the court's discretion, it is very clear such discretion was properly exercised. The defendants were brought into court on April 15, 1892. This is true not only by reason of the personal notice given them by the sheriff, as shown by his return, but by reason of their execution of the replevy bond.—*Peebles v. Weir*, 60 Ala. 413. By law they were required to file their plea within thirty days thereafter, but they delayed nearly a year, and, we say, this court properly struck the plea then filed, from the files. Afterwards, they demurred and pleaded to the merits; obtained the ruling of the court on the demurrer; had a mistrial on the merits; then the lapse of a term, and another partial trial on the merits, before the action of the court allowing the withdrawal of the other pleadings and the re-interposition of the plea in abatement was had. Whilst this delay is not so great as in *Vaughn v. Robinson*, 22 Ala. 519, *supra*, it comes within the spirit and principle of that decision. The difference is only in degree. We think the court erred in refusing the motion to strike the plea in abatement from the files. It is unnecessary to pass upon the other questions raised relating to amendment of the affidavit, bond and attachment.

Reversed and remanded.