# Hudgens v. Creola Lumber Co.

## Assumpsit.

(Decided Dec. 21, 1909. 51 South. 525.)

*Pleading; Jurisdiction; Justice Court; Appeal.*—Where defendant filed a plea in the justice court setting up want of jurisdiction, to which a demurrer was sustained, and judgment rendered against defendant on a subsequent plea of the general issue, from which an appeal was taken to the circuit court, at the first term of which defendant moved for and was granted a continuance on account of

[Hudgens v. Creola Lumber Co.]

absent witness, and at the next term was allowed to amend its plea to the jurisdiction, there was no error in refusing to grant a motion to strike the plea because not the one interposed before the justice, and because the right to plead the matter set up in it was waived by a failure to amend in the justice court and because it was too late.

(Evans, J., dissents.)

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Assumpsit by Charles Hudgens against the Creola Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The cause of action was begun in the justice court, and to the cause of action defendant filed a plea to the jurisdiction, setting up that the cause of action arose in a different precinct from that in which the action was brought, and on the further ground that defendant is a corporation engaged in business in said precinct, and has its principal place of business there. Demurrers were interposed to this plea, and judgment rendered for plaintiff on the plea of the general issue. On appeal from the justice court to the city court, the justice sent up the papers in the case, together with the transcript of his docket showing the character of the case, the fact that the defendant pleads to the jurisdiction, that the plaintiff demurred thereto, and that the demurrers were sustained, together with a copy of the judgment. After the appeal, so far as it appears from the record, and after one term of the court had passed, to which this appeal was taken, the defendant was permitted to amend its plea to the jurisdiction, which was allowed. The plaintiff then moved the court to strike the plea from the file, because it was not the same plea interposed before the justice of the peace, and because the defendant waived the right to plead the matter set up in said plea by failing to amend his plea in abatement before the justice, so as to make the same a proper plea,

because the plea came too late, and because the defend-
ant appeared at the last term of the court and moved
for a continuance on account of the absence of a wit-
ness, without renewing in any manner or filing a plea
in abatement. This motion was overruled.

FREDERICK G. BROMBERG, for appellant.—No brief
came to the Reporter.

INGE & McCORVEY, for appellee.—No brief came to
the Reporter.

SAYRE, J.—DOWDELL, C. J., and McCLELLAN, J.,
concur with the writer that there is no error shown by
the record. On the trial before the justice of the peace
the defendant filed a formal plea to the jurisdiction. De-
murrer being sustained, it was driven to a plea in bar.
The judgment sustaining the demurrer became merged
in the final judgment against the defendant, and was
superseded when that judgment was superseded by the
appeal. On the removal of the cause by appeal the jus-
tice of the peace sent to the law and equity court the
original papers in the cause and a statement of the case
and the judgment rendered by him, as he was by statute
required to do. In this state of the case a judgment by
default could not have been properly passed by the court
to which the appeal was taken. The effect of the pro-
ceedings was to leave the plea in abatement pending in
the cause, with the right in defendant to amend it, or
to file a new plea asserting the same defense in improved
form, and this right would continue until the defendant
by its course indicated a purpose to forego the plea in
abatement. True, if a formal plea in bar was filed in
the primary court, it also was pending at the same time;
but that fact cannot be permitted to operate to the prej-

[Hudgens v. Creola Lumber Co.]

udice of the plea in abatement, for the reason that the ruling of the trial court against the latter plea drove the defendant to the filing of the former. As the case was in the law and equity court, no new pleas in bar being filed, nor any action taken by the defendant which amounted to an abandonment of its plea in abatement, the cause stood for trial on pleas in abatement and bar in their proper order. The trial court might properly have required the plea in abatement to have been disposed of at the first term. Not having done so, and nothing being shown which amounted to a waiver of the defense, we are of opinion that there was no error in allowing the plea to be amended and the same defense interposed in better shape at the next term.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur. EVANS, J., dissents.

ANDERSON, J.—I concur in the affirmance of this case, but do not wish to commit myself fully to the idea that the plea to the jurisdiction in the justice court continued to exist in the circuit court without being refiled. I think that the trial court, however, has a discretion in the allowance of pleas in abatement after the first term (rule 12, p. 1520, of the Code of 1907), except in the two instances as set out in the case of *Hawkins v. Armour Co.,* 105 Ala. 545, 17 South. 16, that the defendant had not pleaded to the merits, or that the plaintiff had not acted on the defendant's waiver of his plea to the jurisdiction. It is not contended that the defendant waived his right to plead to the jurisdiction by pleading to the merits, but that he waived his special plea by getting the case continued at the first term in order to get a witness on the merits. This may have

[Hudgens v. Creola Lumber Co.]

been an indication that he had or would waive his spe-
cial plea; but there is nothing in the record to show
that the plaintiff had acted to his prejudice upon
the action of the defendant, and in order to reverse the
trial court for an abuse of discretion in allowing the
plea it was incumbent upon the appellant to affirma-
tively show that he had acted on the defendant's action
in abandoning his plea.

SIMPSON and MAYFIELD, JJ., concur in these views.

EVANS, J. (dissenting).—After a very careful con-
sideration of this case, I find myself unable to agree
with either the opinion of Justice Sayre or that of Jus-
tice Anderson; and, owing to the fact that a majority
of the court does not agree upon either opinion as to the
law, I feel constrained to give my reasons of dissent
from both views. A further reason why I think it prop-
er is that a majority of the court disagree with each of
these opinions, and, if I understand it correctly, a ma-
jority of the court agree with me in dissenting from
each opinion. If I am mistaken in that, it at least seems
true that a majority of the court do not concur in either
opinion, while all but myself agree that the judgment
of the lower court should be affirmed. I dissent from
the opinion of Justice Sayre for two reasons:

First. I am of opinion that the appeal from the jus-
tice of the peace court did not bring up the pleas that
may have been filed in justice of the peace court into the
Mobile city court; that such is not the effect or purpose
of the statute, which is as follows: "When an appeal
is taken, the justice must return all of the *original* pa-
pers of the cause, together with a statement signed by
him, of the case and the judgment rendered by him, to
the clerk of the court to which the appeal was taken,

within ten days after the taking of the appeal." I do
not understand *original* papers to include pleas. Pleas
are not *original* papers. Original papers are those by
which the suit originates, and, in this case, was the
summons, together with the indorsement of the cause of
action, and this might be in form of a regular com-
plaint. As defined in Cyc. pp. 1527, 1528, "original" is,
"an adjective, pertaining to the beginning or origin, the
first or primitive form of a thing; pertaining to the
origin or beginning; initial; primal; *first in order, pre-
ceding all others."* The appeal is simply to bring up
the cause of action for trial *de novo* in the higher court.
The appeal bond, showing the parties below and reciting
the judgment there rendered, was of itself sufficient to
give the Mobile city court jurisdiction and to enable it
to proceed with the cause.—*Hardee v. Abraham,* 133
Ala. 343, 32 South. 595; *Larcher v. Scott,* 2 Ala. 40;
*McAlpin v. Pool, Minor,* 316; *S. & N. R. R. Co. v. Pil-
green,* 62 Ala. 305. The purpose of the law, as it seems
to me, in the case of appeals from justice courts, is to
treat the case, when it reaches the higher court, just as
it would have been if it could and should have been
brought originally in that court, so far as the merits of
the case are concerned.—*McConnell v. Worns,* 102 Ala.
592, 14 South. 849; Code 1907, § 4720. The appeal does
not, in my opinion, *ex proprio vigore* bring up and file
the pleas and subsequent pleadings had in the justice
court. These might have been merely verbal there, and,
if in writing, there is no way provided by which the
clerk in the higher court could know what pleas and
subsequent pleadings were really filed and insisted on
in the justice court. Not so with the original papers,
which must be issued by the justice of the peace, when
taken in connection with the appeal bond and its re-
citals. Before the upper court can know what defenses

were made in the lower court, parol proof thereof must be made.  Before any defense, not upon the merits, can be made in the upper court, it must be shown by proper proof, or admitted by the other party, that such defense was made in the lower court.  The justice of the peace court is not a court of record, and the law does not require the justice of the peace to certify what defenses were insisted on in the trial before him, and there is no way provided by law, except in parol proof, to show what defenses were insisted on.  Even if papers, purporting to be pleas, are sent up by the justice of the peace, there is no way provided by which the upper court can know that they were pleas used in the lower court, unless parol proof is made thereof.

Second.  But, if "original papers," as used in section 4716 of the Code of 1907, means all the papers, and the word "original" has no limiting effect, and the appeal *ex proprio vigore* files in the upper court all the papers that may happen to come to the hands of the clerk of the upper court, purporting to be sent up by the justice of the peace, which must be considered by the upper court in the order of their filing in the lower court, still we are of opinion that the Mobile city court should have treated the plea to the jurisdiction of the justice of the peace court as waived by defendant, when, at the first term of the Mobile city court, the case was by law standing for trial, and the defendant moved for and obtained a continuance, in order to get a witness upon the merits of the case; the plaintiff having filed his complaint, and not being in any respect in default.  If all the pleas came up from the justice court into the Mobile city court, to be acted upon by the Mobile city court in the order in which they were filed below (and, as shown by the bill of exceptions, the plea of the general issue was filed in the justice court), did not the defendant waive

[Hudgens v. Creola Lumber Co.]

his plea in abatement, when, at the first term of the Mobile city court, after the appeal was taken and perfected, and the cause was standing for trial, and the plaintiff had filed his complaint, he asked for and obtained a continuance of the case till the next regular term of the court, in order, as stated by him, that he might get a witness upon the merits of the case? If that did not waive the plea in abatement, how could he have waived it? The plea in bar, upon that theory of the law, was already on file, and that act on his part would clearly indicate to plaintiff that he expected at the next term to go to trial upon the plea in bar. If we are to decide that the appeal brings up all the pleadings in the justice court, both in abatement and in bar, what act of defendant could constitute a waiver of his plea in abatement, if asking for and obtaining a general continuance, in order that he might get a witness upon his plea in bar, does not have that effect? If that does not show his election to proceed upon his plea in bar, I cannot conceive of what could.

I dissent, also, from the opinion of Justice Anderson. In his opinion Justice Anderson relies upon the authority of the case of *Hawkins v. Armour & Co.*, 105 Ala. 545, 17 South. 16. It will be noted, on perusal of opinion in said case, that Justice Head relied for authority upon the case of *Vaughan v. Robinson*, 22 Ala. 519. After reading with great care all of our decisions upon that particular subject under consideration, it appears to me that the opinion by Chief Justice Chilton said case of *Vaughan v. Robinson* is the most carefully considered of any that has fallen under my observation, and that it has never been overruled by any subsequent decision, so far as the subject under consideration in each of the subsequent opinions are concerned. There is occasionally a *dictum* which, on the surface.

[Hudgens v. Creola Lumber Co.]

might appear otherwise; but on careful consideration, taking the facts in the particular case, it will be found to harmonize with said case of *Vaughan v. Robinson.*

In said case of *Vaughan v. Robinson,* at page 522 of 22 Ala., in speaking of the case of *Cobb v. Miller,* 9 Ala. 499, Chief Justice Chilton says: "This decision merely shows that the twelfth rule of practice is not so imperative as to require a literal compliance in all cases, and that under some circumstances pleas in abatement may be allowed, although 'it does not appear from the indorsement of the clerk they were filed within the time allowed for pleading'; that a departure may sometimes become entirely proper by the *act or omission of the plaintiffs."* Again, on page 523 of 22 Ala., in speaking of the common law, he says: "By the ancient rule of pleading the defendant could not plead a dilatory plea after the general imparlance," etc. "The reason why the defendant was required to be so prompt in putting in such pleas was that they merely worked delay, did not affect the merits of the controversy, and were consequently required to be pleaded as early as practicable, so that the plaintiff might bring a proper suit, or resort to the proper forum of redress. * * * The same strictness does not obtain with us; but the rule applies, and is generally pretty rigidly adhered to, that pleas in abatement must be filed at the appearance term, and within the time allowed for pleading, and if not so filed they are to be rejected, unless further time has been allowed. *After a general continuance, the plaintiff being in no default,* matter existing and which could have been pleaded at the previous term cannot be pleaded in abatement as a general rule. We are not prepared to say that there may not be *peculiar circumstances under which the court, in the exercise of a sound discretion, may allow such a plea at a subsequent term.* * * * The

cases above cited (referring to the case of *Cobb v. Miller, Ripley & Co.*, 9 Ala. 499, and that of *Massey v. Steele's Adm'r*, 11 Ala. 340) seem to establish this doctrine."

Again, at top of page 525 of 22 Ala., he says, in speaking of the above-mentioned cases: "The two cases relied upon by the counsel for the defendant in error, above referred to, must be confined to their facts. The general proposition asserted by the first headnote in the case cited in 11 Ala. 340, is clearly an incorrect assertion of the rule of law as applied to such cases as the one before us. The *pure discretion* of the court *must be confined* to cases in which the defendant *has not pleaded to the merits,* and the plaintiff has not acted upon his waiver of the matter in abatement." Again, the last paragraph of said decision is as follows: "We think it immaterial to the present inquiry whether the twelfth rule of practice applies to cases of appeals from justices or not. Aside from that rule, the general law fully sustains the view we have taken; but we are of opinion that in appeals, as in other cases, pleas of abatement *must* be filed at the first term at which they can be pleaded, if the *declaration* or *statement has been filed,* and the *plaintiff is in no default.* The same reason for the rule applies to appeals as to other cases."

In all the foregoing quotations the italics are my own to call attention to the particular words used. In the case *sub judice* there had been a *general continuance* at the instance and on the motion of defendant, in order that he might get by the next term of court, a witness on the merits of the case. The *plaintiff* was not *in default* in any respect, but had filed his complaint at the first term of the court when the case stood for trial in the Mobile city court. There are no *peculiar circumstances* appearing in the case, upon which the court, in

the exercise of a sound discretion, could allow the filing of the plea against the objection of plaintiff. No reasons at all are shown why the defendant did not or could not, file his said plea at the said first term of said court; but, on the contrary, it is shown that he was present in court at said term, and, instead of filing such plea as he should have done, if he desired to raise the question in the city court, he moved for and obtained a continuance till the next term of said court, in order that he might obtain a witness upon the merits of the cause. There can be no question but that the matter pleaded in abatement existed at such first term of the court, if it existed at all, and that defendant could have then pleaded it.

Upon a careful consideration of the law as laid down in the case of *Vaughan v. Robinson,* we understand it to be as follows: (1) That in no case where the defendant has pleaded to the merits of the case, and the plaintiff has acted upon his waiver of the matter in abatement, can a plea in abatement be allowed to be filed against the objection of plaintiff. (2) In those cases where there has not been a plea filed to the merits of the case, the defendant cannot, after a general continuance, the plaintiff being in no default, plead in abatement matter existing and which could have been pleaded at the previous term, unless there are *"peculiar circumstances,* which justify the court, in the exercise of a sound discretion, in allowing such plea to be filed." If that is not the proper rule, then the court may allow a continuance from time to time, on motion of defendant, without filing a plea to the merits, and then, when the statute of limitations has run against the demand of plaintiff, or unnecessary costs have accrued, allow the defendant to file his plea in abatement to the ruin of plaintiff. It will be noted that in the two cases referred to

by Chief Justice Chilton in *Vaughan v. Robinson,* when he said they must be confined to their facts, that in each of them there were facts which justified the court, in the exercise of a sound discretion, to allow the filing of the plea. In the one, the plaintiff, in an attachment suit, had been *"in default"* in filing his complaint; and in the other the plea in abatement was filed as soon as it could possibly have been filed.

Where any facts appear which could justify the court, "in the exercise of a sound discretion," in allowing the plea in abatement to be filed after a general continuance and before a plea to the merits had been filed and acted upon by the plaintiff, a very broad latitude should be allowed the trial court in relaxing the rule. But where nothing appears to justify it, and much appears to the contrary as in this case, the relaxation of the rule should not be allowed.

For the foregoing reasons, in my opinion, the court erred in allowing said plea to be filed against the objection of plaintiff.