(89 South. 277)

**NORTON v. HINES, Director General of Railroads.   (6 Div. 290.)**

(Supreme Court of Alabama.   April 21, 1921. Rehearing Denied May 19, 1921.)

Abatement and revival ⬅=81—In court's discretion to allow substitution of plea to jurisdiction after demurrer and plea to merits.

Though the matter set up in plea to the jurisdiction—that the action for loss of baggage was not brought in the county or district where plaintiff resided or where the cause of action arose, as required by the Director General's Order No. 18—was of such a nature that it might be waived, there was no improper exercise of discretion in allowing defendant, after the overruling of his demurrer to the complaint and the hearing and argument on demurrers to his pleas to the merits, to withdraw his demurrer and his pleas to the merits and file such plea to the jurisdiction, thereby retracting the waiver with respect to the jurisdiction; the ruling on his demurrer and all the subsequent matters occurring on the same day, within 60 days after commencement of action.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by H. B. Norton against W. D. Hines, as Director General of Railroads, operating the Alabama Great Southern Railroad, for damages for the loss of baggage. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

The plea to the jurisdiction had been waived, and the court erred in permitting it at that stage. 20 Ala. 647, 56 Am. Dec. 227; 26 Ala. 585; 122 Ala. 149, 25 South. 697, 82 Am. St. Rep. 68. The demurrer to the plea to jurisdiction should have been sustained. 81 South. 417; 144 Ala. 616, 39 South. 95; McDougal v. L. & N. R. R. Co., 17 Ala. App. 468, 85 South. 880.

Smith, Wilkinson & Smith, of Birmingham, for appellee.

It was clearly within the discretion of the trial court to permit a withdrawal of the pleas and permit a plea to the jurisdiction. 3 Stew. 454; 72 Ala. 164. The court under the evidence could not have done otherwise than direct a verdict for defendant on its plea.

McCLELLAN, J. The plaintiff, appellant, stated his case, for failure to deliver one of three trunks checked by the defendant, appellee, from Bessemer, Ala., to Jacksonville, Tex., at a time when the United States, through the Director General, was operating the railways over which the baggage was routed, in two counts, one ex contractu and the other ex delicto. The action was instituted February 2, 1920. The demurrer of the defendant to the complaint was filed March 1, 1920. The record recites:

"After the defendant's attorney had filed his demurrers to the complaint, which had been ruled on by the court, then filed his pleas numbered 1, 2, 3, and 4 to the complaint, to which attorney for the plaintiff had filed demurrers to pleas 3 and 4, and while said demurrers were being argued to the court, the court then, on application of the attorney for the defendant, permitted attorney for the defendant to withdraw the demurrers to the complaint, the four said pleas to the complaint, and to then file the following plea to the jurisdiction of the court. * * * *"

The plaintiff objected to the action thus taken.

The plea to the jurisdiction asserted that under the Director General's Order No. 18, the action must have been "brought in the county or district where the plaintiff resides, or in the county or district where the cause of action arose"; that neither of these conditions are present in this cause; and that the circuit court was without jurisdiction to try the case. The matter set up in this plea was, in effect, a plea to the jurisdiction, of such nature as that it might be waived.

---

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Woolf v. McGaugh, 175 Ala. 299, 57 South. 754.

The ruling on demurrer to the complaint, the filing of the pleas on the merits, the hearing and argument upon the demurrers of the plaintiff to the pleas, and the withdrawal allowed by the court, over plaintiff's objection, all took place on the same day, viz. April 26, 1920, within 60 days after the action was commenced. According to the authority of Vaughan v. Robinson, 22 Ala. 519; Hawkins v. Armour Packing Co., 105 Ala. 545, 17 South. 16; Karthaus v. N. C. & St. L. Ry. Co., 140 Ala. 433, 37 South. 268, it cannot be affirmed that the trial court improperly exercised its discretion in allowing the withdrawal indicated, thereby retracting the waiver with respect to jurisdiction resulting from the pleadings filed and the action taken thereon.

The undisputed evidence, taken under the issues tendered by the plea to the jurisdiction, showed that the plaintiff resided in the state of Texas at the time the wrong complained of was received, and also that the breach of the contract or violation of duty causing the loss of the trunk and its contents occurred outside of the state of Alabama. The averments of the plea were conclusively sustained by the evidence. There was therefore no error in instructing the jury accordingly.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.