152 So. 607

## LASETER v. C. I. T. CORPORATION.

### 4 Div. 12.

Court of Appeals of Alabama.

Oct. 3, 1933.

Rehearing Denied Oct. 31, 1933.

Reversed on Mandate Jan. 30, 1934.

E. W. Norton, of Clayton, for appellant.

McDowell & McDowell, of Eufaula, for appellee.

BRICKEN, Presiding Judge.

A consideration of appellee's motion to strike from the record certain extraneous matters contained therein, and for failure to comply with the governing rule, may be pretermitted as unnecessary to a decision of the insistences of appellant raised by the assignment of errors.

We are not concerned with and cannot here consider any question which arose upon the first trial of this case wherein it appears judgment was rendered, after trial, and said judgment was set aside, new trial granted, by consent of parties.

This appeal is from the judgment rendered by the court on the second trial of this case, July 11, 1932, wherein it appears that the plaintiff was allowed to amend his complaint by adding counts No. 2 and 3. Thereupon the defendant, on motion, and over plaintiff's objection, was allowed to withdraw its general appearance and the demurrers filed on March 26, 1930, to the complaint as originally filed, also the plea of general issue filed on October 19, 1931, to the complaint as originally filed; and to appear specially, and for that purpose only, and to file its plea in abatement to the jurisdiction of the court. Thereupon plaintiff, in writing, filed his motion to strike the said plea in abatement. The motion to strike the plea in abatement was overruled. Thereupon the plaintiff, by his attorney, and by leave of court on account of the adverse ruling of the court on the pleadings, as aforesaid, took a nonsuit. Judgment was then duly entered for defendant.

By his assignment of errors, plaintiff insists that the court erred (1) in permitting defendant to withdraw its general appearance and file its plea in abatement; (2) in permitting defendant to withdraw its general appearance and to plead specially by filing its plea in abatement to the jurisdiction of the court; and (3) in overruling plaintiff's motion to strike defendant's plea in abatement.

These assignments of error are of the same import, and, as we see it, cannot be sustained. The matters involved in the rulings of the court complained of were within the judicial discretion of the trial court, under the status of this case, and error to a reversal may not be predicated where this is true.

The judgment appealed from is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Laseter v. C. I. T. Corporation, 228 Ala. 19, 152 So. 607.