152 So. 607

## LASETER v. C. I. T. CORPORATION.

### 4 Div. 745.

Supreme Court of Alabama.

Dec. 14, 1933.

McDowell & McDowell, of Eufaula, opposed.

E. W. Norton, of Clayton, for petitioner.

BROWN, Justice.

The petitioner on March 1, 1930, brought an action of debt against the defendant to recover the statutory penalty provided by section 9021 of the Code of 1923, for failing for thirty days, after request in writing to do so, to enter satisfaction on the margin of the record in the probate office of Barbour county, "Mortgage Book 98, at page 421," at Clayton, "of a mortgage, conditional sale contract, or retain title contract" executed by the plaintiff to W. C. Beaty on the 1st of December, 1926, stating his cause of action in a single count. Higdon v. Kennemer, 120 Ala. 193, 24 So. 439; General Motors Acceptance Corporation v. Crumpton, 220 Ala. 297, 124 So. 870, 65 A. L. R. 1313.

On March 26, 1930, the defendant filed a demurrer to the complaint. At the fall term of 1931—October 19, 1931—the defendant by leave of the court withdrew the demurrer and filed a plea in abatement, alleging that it was a nonresident corporation organized under the laws of the state of New York, and was duly authorized to do business in Alabama; that at the time the suit was commenced it was not doing business in Barbour county, Ala., by agent or otherwise, "nor has it done business in Barbour County, Ala-

bama, by agent or otherwise before or since this suit was begun, and that at such time it was doing business by agent in Montgomery County, Alabama." On motion of the plaintiff this plea was stricken by the court from the files. The defendant thereupon refiled its demurrer to the complaint. The demurrer to the complaint was submitted and considered by the court and was overruled. The defendant on October 19, 1931, filed the following pleas:

"(1) Comes the defendant in this cause, and in answer to the complaint filed, says that it is not guilty of the things alleged in said complaint.

"(2) The defendant pleads the general issue of not guilty."

The judgment of the court rendered at said fall term, 1931, recites:

"Thereupon the defendant files its plea in bar, which plea plaintiff moves to strike. The motion being heard, considered and understood by the Court, it is ordered and decreed by the Court that the said motion be and the same is granted, and the said plea in bar is stricken.

"Issue being thus joined, thereupon comes a jury of good and lawful men, to-wit, J. Mack Searcy, foreman and eleven others, who after being empaneled and sworn according to law, upon their oaths say: 'We, the jury find for the plaintiff, and assess his damages at $200.00.' "

This recital was followed by a final judgment for plaintiff on the verdict of the jury.

On October 20, 1931, the defendant filed a motion for a new trial. This motion was on October 29, 1931, overruled by the court, but on a subsequent day, December 2, 1931, "by consent of the parties," the judgment overruling the motion was set aside, and the motion for a new trial granted.

On January 18, 1932, the plaintiff filed an amendment to his complaint adding counts 2 and 3 thereto. Both of said counts were in debt for the statutory penalty for failing on request in writing to enter satisfaction on the margin "in Mortgage Book 98, at page 421, in the office of the Judge of Probate of Barbour County, Alabama, at Clayton," of an instrument described in said counts as "a conditional sale contract executed by plaintiff to W. O. Beaty on the 1st of December, 1926."

At the July, 1932, session of the court, after the amendment of the complaint above noted was allowed, the defendant, on motion and over plaintiff's objection, was allowed to withdraw its general appearance and the demurrer filed on March 26, 1930, to the complaint as originally filed, and the plea of the general issue filed on October 19, 1931, to the complaint as originally filed, and to appear specially, and for that purpose only, and to file its plea in abatement to the jurisdiction of the court. The plaintiff thereupon filed a motion to strike the plea in abatement on grounds, among others, that the defendant had waived the right to interpose such plea. This motion was overruled, and the plaintiff, feeling aggrieved, took a nonsuit and appealed.

The Court of Appeals has affirmed the judgment on the ground that "the matters involved in the rulings of the court complained of were within the judicial discretion of the trial court, under the status of this case."

■ We are of opinion that the defendant, by entering a general appearance and filing a demurrer to the original complaint, and allowing this general appearance to stand until the statute of limitation of one year had barred the plaintiff's action elsewhere (Code 1923, § 8949, subsec. 3), irrevocably waived its right to plead in abatement that the county in which the action was brought was not the proper venue. The facts of this case bring it clearly within the rule declared in the following cases: Vaughan v. Robinson, 22 Ala. 519; Hawkins v. Armour Packing Co., 105 Ala. 545, 17 So. 16; Woolf v. McGaugh, 175 Ala. 299, 57 So. 754.

■ In the circumstances the circuit court was without discretion, in the absence of any fault of the plaintiff, to deprive him of such waiver, and committed reversible error in overruling the plaintiff's motion to strike the plea in abatement refiled at the July session of the court, in 1932.

The writ of certiorari is therefore granted the judgment of the Court of Appeals is reversed, and the cause remanded to that court for further consideration.

Writ granted; reversed and remanded.

All the Justices concur.