160 So. 527

## SHELL PETROLEUM CORPORATION
### v. BRUCE.
### 7 Div. 312.

Supreme Court of Alabama.
March 28, 1935.

Walter S. Smith, of Birmingham, for appellant.

M. P. Kelley, of Lineville, for appellee.

BROWN, Justice.

■ The statement signed by the justice of the peace, and sent up and filed in the circuit court along with the original papers, under the provisions of section 8780 of the Code of 1923, is a part of the record proper, and evidences the course of the proceedings in the cause before the justice of the peace. Wolfe v. Parham, 18 Ala. 441; Hardee v. Abraham, 133 Ala. 341, 32 So. 595.

■ The statement shows that only the plea in abatement was filed. No objection to its filing appears to have been made on the trial had in the justice of the peace court, and the plea appears to have been considered on its merits. The judgment of the justice of the peace court recites: "After hearing the allegations and proof, it is considered, ordered and adjudged by the Court that the plea in abatement be overruled, and that the plaintiff have and recover of the defendant the sum of Forty ($40.00) Dollars besides the further sum of Two and 85/100 ($2.85) Dollars as costs in this case."

The plea in abatement was sent up with the papers and filed in the circuit court. The justice of the peace having exercised the discretion to hear the plea on its merits, in the absence of objection by the plaintiff, the right to insist on this defense was not waived. Hudgens v. Creola Lumber Co., 164 Ala. 561, 51 So. 525.

The cases cited by appellee to uphold the rulings of the circuit court are not apt, and are easily differentiated from the case at bar. In Beck v. Glenn, 69 Ala. 121, and Woolf v. McGaugh, 175 Ala. 299, 57 So. 754, the justice of the peace, on the plaintiff's objection interposed when the plea was filed, in the exercise of his discretion, declined to allow the plea to be filed. The same course was pursued in St. Louis & S. F. R. Co. v. Sutton, 169 Ala. 389, 55 So. 989, Ann. Cas. 1912B, 366, by the court in which the action was instituted. In Laseter v. C. I. T. Corporation, 228 Ala. 19, 152 So. 607, the defendant made a general appearance by filing a demurrer to the complaint, and delayed filing his plea in abatement until the statute of limitations had barred the plaintiff's action, precluding the right of the court to exercise the discretion to allow the filing of the plea.

The evidence is without dispute that Adams, the agent of the defendant, was without authority to conclude the negotiations with the plaintiff; that his authority was limited to negotiating with the plaintiff and taking a signed lease and submitting the same to the defendant for its approval and acceptance or rejection; that the lease was signed by the plaintiff and his wife, and forwarded by Adams to the defendant, and the defendant declined to enter into the lease. In view of this state of the evidence, the appellant insists that the plaintiff was not entitled to recover, and therefore the judgment in his favor was erroneous.

■ The appellee, on the other hand, insists that the defendant, by failing to plead non est factum, is estopped on the record from denying the existence of the contract, citing in support of this contention, Ingalls Steel Products Co. v. Foster & Creighton Co., 226 Ala. 122, 145 So. 464, and Carter et al. v. Long Bros., 125 Ala. 280, 28 So. 74.

There is an absence of averment in the complaint that the lease or conveyance was executed by the defendant. The averment is that the plaintiff "demised to the defendant * * * Lot No. 8 in the Willingham Addition to the Town of Lineville." This averment imports nothing more than a grant by the plaintiff to the defendant, which might well be done without the execution of the lease or conveyance by any one except the plaintiff. 18 C. J. 483. The authorities cited, therefore, do not sustain appellee's contention.

■ To entitle plaintiff to recover, he assumed the burden of showing a valid grant

or demise which had been accepted by the defendant, and the reservation of rents, which were due and unpaid. This he failed to do, and the judgment was erroneously rendered.

The trial below was by the court without the intervention of a jury, and all available evidence appears to have been adduced. Therefore, the judgment of the circuit court is reversed, and one here rendered for the defendant.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.