# Peebles *v.* Weir.

*Attachment by Landlord, for Rent.*

1. *Notice of attachment ; shown by execution of replevy bond.*—The execution of a replevy bond by the defendant, in an attachment case, is an admission of notice, and is sufficient to sustain a judgment by default at the first term (Code of 1876, § 3323), if executed twenty days before the commencement of the term.

2. *Defects in process.*—Defects in the form of process, which are amendable, can only be taken by plea in abatement, and are not available on error or appeal.

3. *Levy of attachment ; by whom made.*—An attachment, issued by a justice of the peace, and returnable to the Circuit Court, must be levied by the sheriff ; a levy by a constable, or a special constable, is void.

4. *Judgment by default ; what will sustain.*—The execution of a replevy bond by the defendant, in an attachment case, is sufficient to sustain a judgment by default, although the levy of the attachment is void, and there was no personal service of process.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by Mrs. H. E. Weir, against W. P. Peebles, and was commenced by an attachment, sued out before a justice of the peace, on the 12th December, 1877. The affidavit for the attachment stated, " that W. P. Peebles is justly indebted to the said H. E. Weir, for fourteen bales of cotton, due for land rent during the year 1877, after allowing all just offsets and discounts ; and that the said W. P. Peebles is justly indebted for land rent ; and that this attachment is not sued out for the purpose of vexing or harassing

the said defendant, or other improper motive." The attachment was made returnable to the Circuit Court, and was directed " to any constable of said county." On it were indorsed by the justice these words : " Wm. Halsell, Jr. is hereby appointed special constable to execute papers ;" " W. B. Johnson specially appointed to complete attachment ;" the former appointment being dated December 12, 1877, and the latter without date. The following levies were also indorsed on it : " Executed on five bales of cotton, December 26th, 1877 ;" "Executed nine bales ;" the former being signed by *W. B. Johnson*, and the latter by *W. M. Halsell.* The record shows also, that on the 26th December, 1877, a replevy bond was executed in the name of the defendant, by A. Sexton as his agent, and approved by the justice who had issued the attachment; the condition of which, after reciting the issue of the attachment, and its levy by William Halsell, as constable, on fourteen bales of cotton, " which have been delivered to said W. P. Peebles on his entering into this bond," proceeded thus : " Now, if the said defendant shall defend said action to effect, or, failing therein, he or his sureties shall return the specific property attached and above mentioned, to the sheriff of Sumter county, within thirty days after judgment in said suit, then this obligation to be void," &c. On the 28th March, 1878, the plaintiff filed a complaint in the cause, claiming $700, in one count, " for the rent, use, and occupation of " certain lands during the year 1877 ; and in another count, $700 due by promissory note, which was set out, dated November 29, 1875, and payable on or before the first day of February, 1878, for fourteen bales of cotton, alleged to be worth $700. At the ensuing April term, 1878, there was a judgment by default for the plaintiff, with a writ of inquiry; and the damages having been assessed by the jury at $605.44, the plaintiff remitted $200, and took judgment final for $405.44 only.

The errors here assigned are : 1st, the rendition of judgment by default at the first term : 2d, that the judgment was prematurely rendered ; 3d, that the levy of the attachment was void, and conferred no jurisdiction on the court ; 4th, that the attachment was void, because directed to a constable.

SNEDECOR & COCKRELL, for the appellant.—To sustain a judgment by default at the return term of the attachment, the defendant must be brought in by publication, if a non-resident, or by written notice, personally served, or left at his residence, if he reside in the county.—Code of 1876, § 3260 ; 36 Ala. 604 ; 39 Ala. 227. The writ of attachment was itself void, because directed to a constable, instead of

the sheriff, or any lawful officer; and the levy by the constable was equally void.—*Martin v. Dollar*, 32 Ala. 422 ; 39 Ala. 227 ; 49 Ala. 198. The process being void, it was not necessary to plead these defects in abatement.—*Nabors v. Nabors*, 2 Porter, 162. The execution of the replevy bond can not be construed into a waiver of these defects. If it had been executed by the defendant in person, and not by an agent, it could only have amounted to constructive notice, which does not meet the requirements of the statute. But the record shows only a bond executed by a third person, assuming to act as agent for the defendant, and nothing in the record connects the defendant with it; and the bond itself is void, because neither the justice nor the constable had any authority to take it. The record presents only a judgment by default, founded on a void writ and a void levy, without any personal service on the defendant, and without any appearance on his part.

COOKE & LITTLE, *contra.*—Defects in the attachment, or its levy, could only be taken advantage of by plea in abatement; and not having been so taken, they are not available on error.—*Roberts v. Beeson*, 4 Porter, 164 ; *Nabors v. Thompson*, 1 Ala. 237 ; *Mitchell v. Allen*, 2 Stew. & P. 247 ; *Moore v. Fiquet*, 19 Ala. 236. The condition of the replevy bond bound the defendant to appear and defend the action, and his failure to do so authorized the judgment by default. The execution of the bond, and its recitals, estop him from now raising any objections to the validity of the process.— *Goldsmith v. Stetson & Co.*, 39 Ala. 183 ; *Mead v. Figh*, 4 Ala. 279 ; 2 Brickell's Digest, 367, § 87.

BRICKELL, C. J.—1. Attachments, founded on a past-due demand, are triable at the term of the court to which they are returnable, if the levy is made, and notice given, twenty days before the commencement of the term.—Code of 1876, § 3323 ; *Rice v. Clements*, at last term. Actual notice to the defendant, that he may have the opportunity of appearing and making defense, it is the purpose of the statute to afford him, as the condition on which the plaintiff may proceed to trial and judgment at the return term. The purpose of the statute is fully accomplished, whenever, from the proceedings in the cause, it appears in authentic form that he has had actual notice for the time required. The right to replevy the goods levied on by the writ is conferred by the statute,—a right which cannot be exercised without notice of the levy. If the right is exercised, it must be by the execution of a bond, with surety, payable to the plaintiff in the

writ, in double the amount of the demand, and with condition that, if he fail in the action, he or his sureties will return the specific property within thirty days. If they fail to return it, the bond is forfeited, and execution thereon issues against the principal and sureties, for the amount of the judgment and costs.—Code of 1876, §§ 3289-92. By the execution of the bond, the defendant becomes a party to the suit, and his sureties become parties, so far that an execution may issue against them, if he is unsuccessful in the suit, and does not restore the goods to the custody of the proper officer. The execution of the bond is, therefore, an admission of notice of the levy, and of the suit; and if it is executed twenty days before the commencement of the term, as it was in the present case, authorizes the court to proceed to trial. It is a paper belonging to the files and record of the cause, of which the court must take notice.—Drake on Attachment, § 332; *Wilkinson v. Patterson*, 6 How. (Miss.) 193; *Richards v. Mooney*, 39 Miss. 357; *Binder v. Klive*, 64 Penn. St. 130.

2. The proper direction of an attachment, returnable to the Circuit Court, is "To any sheriff of the State of Alabama."—Code of 1876, § 3264. If it is erroneously directed, the defect can be made available only by plea in abatement. *Ware v. Todd*, 1 Ala. 199. Defects in process, the matter of a plea in abatement, may be waived. Pleas in abatement can be filed only within the three first days of the term, and the matter of them is waived, if they are not filed within that time, and it cannot on error furnish cause of reversal. Defects of form, in writs of attachment, are amendable, before or during the trial; and the attachment law must be liberally construed to advance its manifest intent.—Code of 1876, § 3315. If these defects were available on error, not having been previously objected to, the plaintiff would be deprived of the right of curing them by amendment.

3-4. The levy of the attachment, by a person appointed by the justice to act as a special constable, was certainly irregular, and void. Of itself, it would not have conferred jurisdiction on the Circuit Court to render judgment by default against the defendant.—*Briersfield v. Austin*, 39 Ala. 227. But the court did not acquire jurisdiction to proceed to judgment by default, from the levy of the writ. It was acquired from the notice to the defendant of the pendency of the suit, which was admitted by the execution of the replevy bond, its recitals, and condition. Jurisdiction of the person of a party to the suit may be acquired by levy of an attachment, followed by the actual or constructive notice the statute authorizes, or by personal service of process, or by voluntary

appearance without process, or by his voluntary introduction of himself into the proceedings, bringing himself within the reach of proper action by the court.—Drake on Attachment, § 332, and authorities cited.

We do not think any one of the objections taken to the judgment of the Circuit Court ought to prevail, and it is affirmed.