# Chastain & Lawrence *v.* Armstrong.

*Petition for Rehearing after Final Judgment at Law.*

1. *Rehearing at law; remedy on refusal.*—If a circuit judge improperly refuses, in vacation, to grant a rehearing under the statute (Code, § 2872), and sustains a demurrer to the petition, an appeal does not lie from his ruling, but the proper remedy is by *mandamus*.

2. *Same; averments of petition as to meritorious defense, and negativing fault.*—A petition for rehearing under the statute, after judgment by default, must aver that the petitioner had a good and meritorious defense to the action, stating the facts which constitute such defense; and it must also negative all fault on his part in failing to appear and defend at law, not by a general averment only, but by stating the particular facts.

3. *Attachment against non-resident; replevy bond as notice.*—When an attachment is sued out against a non-resident, a levy on his property

[Chastain & Lawrence v. Armstrong.]

here is not equivalent to personal notice; but the execution of a replevy bond by him is an admission of notice, and sufficient to sustain a judgment by default, if it was executed twenty days before the commencement of the term.

4. *Return day of attachment; false recital in writ.*—The terms of the Circuit Court being fixed by law, a party is conclusively charged with a knowledge thereof; and he can not claim relief against a judgment by default in an attachment case, because the return day of the writ was therein incorrectly stated.

APPEAL from the Circuit Court of Cleburne, and motion for *mandamus*, Hon. LEROY F. BOX presiding.

The record in this case shows these facts: On the 19th May, 1884, M. L. Armstrong, as administrator of the estate of R. A. Armstrong, sued out an attachment against Chastain & Lawrence as partners, on the ground of their non-residence, returnable to the next term of the Circuit Court; but the attachment was returned without a levy. An *alias* attachment was sued out on the 5th February, 1885, returnable to "the next term of the Circuit Court of Cleburne county, to be held at the court-house thereof on the first Monday in August, 1885;" and this attachment was executed February 26th, 1885, as shown by the sheriff's return, "by levying said writ on two mules," which were particularly described, "and turning the same over to defendants by them entering into a bond in the sum of $360, for the forthcoming of said property at the next term of the Circuit Court of said county," the bond also being returned. The next term of said Circuit Court in fact commenced on the last Monday in July, instead of the first Monday in August, and continued but one week; and on the fourth day of the term, which was the 1st August, a judgment by default was entered against the defendants. An adjourned term being held on the 24th August, the defendants filed a petition for a rehearing under the statute, alleging that they had a "meritorious defense to the action," and were "prevented from making defense by surprise and mistake, without any fault on their part;" that they had no opportunity to appear and defend the suit, and were not notified that the term of the court would begin on the last Monday in July. The plaintiff filed a demurrer to the petition, and the cause was continued; and afterwards, on the 7th August, 1886, a judgment was entered as follows: "Came the parties by their attorneys; and the amended petition was demurred to, and the cause was, at the last term, submitted on the demurrers; and, by consent of parties, the presiding judge took the matter under consider-

[Chastain & Lawrence v. Armstrong.]

ation, for judgment to be rendered in vacation, as of the last term; and judgment is now rendered, sustaining the demurrers to said petition, and a rehearing and new trial is denied and refused." From this judgment the petitioners sued out an appeal, and here assigned it as error; and they also made application by petition for a *mandamus*, requiring the presiding judge in the court below to grant a rehearing as prayed.

JNO. B. KNOX, G. C. ELLIS, and KELLY & SMITH, for the appellants and petitioners.

FEAGIN & WILKERSON, *contra.*

SOMERVILLE, J.—The circuit judge refused to grant the application for rehearing under the statute (Code, 1886, §§ 2872–2880) during *the vacation*, sustaining a demurrer to the petition of the defendants in the judgment. This not being a final judgment of any court from which an appeal would lie, but a mere ruling of the judge out of term time, we may concede that the appropriate remedy of the petitioners to correct the alleged error of the ruling would be by *mandamus.—O'Neal v. Kelly,* 72 Ala. 559. It does not fall within the class of remedial writs mentioned in section 3616 of the Code of 1886, which authorizes an appeal to be taken from the judgments of judges of the Circuit and City Courts, rendered in certain cases at chambers.

The petition was fatally defective, and the demurrer to it was properly sustained on several grounds.

It failed to show that the petitioners, as defendants in the original suit, had a good and meritorious defense to the action. The averment of this general conclusion was totally insufficient. The facts constituting the supposed defense must be stated, so that the court may judge of their sufficiency.—*Dunklin v. Wilson,* 64 Ala. 162. These the petition did not state, and the assignment of the demurrer based on that defect was properly sustained.

The petition was further defective, in failing to show that the petitioners, as defendants in the suit, were *without fault* in neglecting to present their defense on the trial of the cause.—Code, 1886, § 2872. It is immaterial that they were non-residents of Alabama, and were not personally brought into court by actual notice of the attachment upon their property. They executed a replevy bond in the cause, and

this fact operated as an admission of notice, both of the levy and of the suit, and was sufficient to sustain a judgment by default at the first term, the bond being executed twenty days before the commencement of the term.—*Peebles v. Weir*, 60 Ala. 413; Drake on Attach. (6th Ed.), § 332. The defendants, being thus made cognizant of the levy of the attachment, and of the pendency of the suit, were conclusively charged with a knowledge of the time of holding the next term of the Circuit Court of Cleburne county, which was fixed by law, so as, in this case, to fall on the last Monday in July, 1885.—Acts 1884–85, p. 85. The recital in the writ of attachment, that it was returnable to "the next term of the Circuit Court for the county of Cleburne, to be held at the court-house thereof, *on the first Monday in August, 1885*," did not vitiate the process. The law fixed the term of the court, and this would control any false or mistaken recital of the clerk as to the particular day when the term commenced.—*Findley v. Ritchie*, 8 Port. 452; *Yonge v. Broxson*, 23 Ala. 846. In view of these conclusions, the petitioners were necessarily at fault, in failing to appear at the term of the court when the cause was called for trial. They do not, therefore, bring themselves within the provisions of the statute.—Code, 1886, § 2872, and cases cited in *note*.

The application for *mandamus* must be denied, and the appeal dismissed.