# Oliver *v.* Kinney.

*Assumpsit.*

(Decided June 29, 1911.   56 South. 203.)

1. *Judgment; Attachment; Nature; Personal Judgment.*—Where the defendant is not personally served and does not appear generally, the court cannot render a personal judgment, but may only bind the property in an attachment proceeding, as such proceedings are in the nature of proceedings in rem; but a defendant becomes liable as on personal service where he executes a forthcoming bond or bond for the discharge of the garnishment in a suit begun by attachment, and thereafter the proceedings become a personal action, and proceeds as if the attachment was sued out in aid of a pending suit, except as provided by the statute, so as to authorize a personal judgment.

2. *Same; Record; Construction; Appearance.*—Notwithstanding the judgment in an attachment case recites defendant's appearance, that recital should be construed with the other parts of the record on that question.

3. *Appearance; Jurisdiction of Person; Special Appearance.*—An appearance made for a special purpose does not give the court jurisdiction over the defendant's person further than the determining

38—173

[Oliver v. Kinney.]

of the question presented to it for the determination on such appearance.

4. *Attachment; Purpose.*—The whole purpose of an attachment is to fix a lien upon specific property before the determination of the main suit; the attachment resting on its own facts, and not on the facts of the main action.

5. *Same; Affidavit; Failure to Make; Cure.*—The affidavit required by the statute in attachment proceedings is the foundation of the proceedings, and an abatement of the writ for want of affidavit, destroys the lien, although the defendant executed a forthcoming bond and bond to discharge the garnishment in order to regain possession of the property taken from him by the void process, the execution of such bond not having the effect of validating the attachment.

6. *Same; Abatement; Grounds; Validity.*—Notwithstanding section 2964, Code 1907, provides that an attachment issued without affidavit and bond may be abated on defendant's motion, the lien could be destroyed for other reasons as by showing there had been no lawful levy.

7. *Same; Time of Fling Plea.*—So long as it is open to defendant to file the pleas in abatement prescribed by section 2964, Code 1907, he may also file other pleas having the effect of destroying the writ, provided that he has not already pleaded or otherwise challenged the validity of the lien, in which case, the cause stands for trial upon the day set by the clerk pursuant to section 5348, Code 1907, and cannot be called before that day except by consent.

8. *Same; Judgment; Time of Entry.*—Under section 2964, Code 1907, an attachment judgment nil dicit was premature when taken before the expiration of the third day of the return time.

9. *Appeal and Error; Record; Conclusiveness; Impeachment; Fraud.*—While a record imports verity, it may be attacked for fraud; hence, although the affidavit and bond required to be made in attachment proceedings appeared upon the fact of the record on appeal, the defendant could show that they were in the record illegally by fraud.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by E. C. Kinney against W. J. Oliver, with attachment and garnishment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

GASTON & PETTUS, for appellant. The judgment was prematurely rendered.—Sec. 2961, Code 1907; see also sections 2962-4, and sections 5346-7. A plea in abatement must come before a plea in bar or demurrer.— *Brown v. Powell,* 4 Ala. 149; *Leiff's Case,* 101 Ala. 544.

[Oliver v. Kinney.]

A judgment by default or nil dicit in attachment proceedings cannot be rendered until after the expiration of three days of the return term.—*Woolsey v. R. R. Co.*, 28 Ala. 536; *Waggoner v. Turner*, 73 Ala. 197. A premature judgment will be reversed.—*Ivey's Case*, 97 Ala. 383; *Lawrence v. The State*, 160 Ala. 384; *Harris v. Herzberg*, 128 Ala. 474; *Ex parte Howard Harrison I. Co.*, 119 Ala. 484.

J. B. BROWN, and EYSTER & EYSTER, for appellee. The recitals shown by the record are conclusive on appeal, and cannot be questioned as to appellant's appearance in the court below.—*Greggs v. Gilmer*, 54 Ala. 430; *Burrough v. Wright*, 3 Ala. 43; *E. A. L. Co. v. Canterbury*, 53 South. 823. The motion to set the judgment aside was addressed to the discretion of the trial court and the action of the court in overruling that motion is not subject to review on this appeal.—*Ledbetter & Company v. Venton*, 108 Ala. 644; *Allen v. Lathop Hatton Lumber Co.*, 90 Ala. 490; *Truss v. Birmingham, LaGrange R. R. Co.*, 96 Ala.. 316; *Haygood v. Tait*, 126 Ala. 266; *Tuscaloosa Ice Mfg. Co. v. Williams*, 127 Ala. 110; *Ellis & Co. v. Brannon*, 161 Ala. 577; *Baggett v. Ala. Chemical Co.*, 156 Ala. 639; *Ex parte Parker et al.*, 54 South. Rep. (Ala.) 572. That when the defendant appeared and replevied the property by the execution of a replevy bond, and dissolved the garnishment by the execution of a refunding bond he waived the necessity for summons or other process, and all defects if any in the attachment proceedings.—*Merchants Laclede Nat. Bank v. Troy Groc. Co.*, 150 Ala. 131; *Rosenberg v. Claflin Co.*, 95 Ala. 252; *Lampley v. Beavers*, 25 Ala. 534; *Moore v. Easley*, 18 Ala. 619; *Peebles v. Ware*, 60 Ala. 413. The execution of the replevy bond was an admission of notice, and obverted the necessity of sum-

mons or other process, and after the execution of the bond the defendant is conclusively charged with notice of each and every step taken in the case.—*Chastain v. Armstrong,* 85 Ala. 217; *Prickett v. Sebert,* 71 Ala. 197. The demand made by the defendant for a bill of particulars under the provisions of § 5326 of the Code is in the nature of a demurrer to a complaint, in that it requires the plaintiff to furnish a particular statement of items constituting plaintiff's claim, and when furnished it is an amplification of the plaintiff's complaint, which restricts him to proof of the matters set forth in the bill of particulars.—*Morrisette v. Wood,* 128 Ala. 505; *Boykin v. Pearson,* 95 Ala. 626. The record shows that the defendant not only appeared on the record, but in open court by his attorney and by this appearance the proceedings were transformed into an action *in personam* and under the provisions of § 2963 of the Code, all the provisions of the Code, applicable to actions commenced by, summons and complaint were made applicable to this suit, including § 5347, of the Code which is embraced in and a part of the same chapter as § 5326, the provisions of which were invoked by the appellant in making demand for the bill of particulars, and in default of plea the case was subject to judgment *nil dicit.—Shields v. Barden,* 6 Ark. (1 Eng.) 459; *Merchants LaClede Nat. Bank v. roy Groc. Co.,* 150 Ala. 131; *Reynolds v. Williams,* 152 Ala. 491; *Hutcheson v. Powell,* 92 Ala. 619; *Gidden v. Bowling,* 93 Ala. 92; *Rosenberg v. Claflin Co.,* 95 Ala. 249; *Peebles v. Ware,* 60 Ala. 413; *Hawkens v. Armour Packing Co.,* 105 Ala. 545; *Chastain v. Armstrong,* 85 Ala. 505; 4 Cyc., page 821, 2 Plea or Answer. We find on an examination into the history of the statute, now Section 5347, of the Code of 1907, that it originated in the act of December 14th, 1819, entitled An act to regulate the proceedings in the

courts of law and equity in this state," and that it has been brought down through the several codes with various changes, and is the only statute regulating the time of pleading in civil action that has ever been in force in Alabama, and that it applies to actions commenced by attachment as well as those commenced by summons and complaint. In the absence of a plea on file, and after the time for pleading had expired, the court owed the defendant no duty.—*Nat. Fertilizer Co. v. Henson,* 103 Ala. 535. Appellant concedes both in argument and brief, that if appellee had sued out a summons as provided by section 962, which appears for the first time in the Code of 1907, that then appellee's contention that § 5347, of the Code, governed the time for pleading, but, not having done this it does not apply. The answer to this proposition is that the defendant by his appearance waived further notice and obviated the necessity of a summons to bring him before the court.—*Buroughs v. Wright,* 3 Ala. 43; *Peebles v. Ware,* 60 Ala. 413; *Chastain v. Armstrong,* 85 Ala. 215; *Corley v. Shropshire,* 2 Ala. 66; *Rosenberg v. Claflin,* 95 Ala. 249. The purpose of the act "To regulate the trial of attachment cases" approved December 17, 1873, the provisions of which were first brought into the Code of 1876, placed suits by attachment on an equality as to time of trial with other suits, commenced by process requiring personal service.—*Rice v. Clements,* 57 Ala. 191; *Merchants Nat. Bank v. Troy Groc. Co.,* 150 Ala. 131; *Reynolds v. Willims,* 152 Ala. 492. The case of *Shields v. Burden,* 6 Ark. (1 Eng.) 459, is on all fours with the case at bar, and sustains the action of the trial court in rendering judgment *nihil dicit.* The proceedings not being void appellant is by these acts estopped to question the regularity of the attachment.—*Savage v. Russell,* 84 Ala. 103; *Fuller v. Fomin,* 108 Ala. 464. "At

*the time the judgment was taken, the defendant appeared by his attorney, W. E. James, but made no objection to the court proceeding to judgment further than to say that the defendant reserved the right to make motion to set the judgment aside."* This was clearly a waiver of any defect in the process, and we contend a consent to the judgment being rendered.—*Buroughs v. Wright,* 3 Ala. 43; *Merchants Nat. Bank v. Troy Groc. Co.,* 150 Ala. 131; *Lamply v. Beavers,* 25 Ala. 534; *Moore v. Esley,* 18 Ala. 619.

SAYRE, J.—Suit in this case was commenced in April, 1910, by attachment on the ground that the defendant was a nonresident. The attachment was levied upon goods and chattels and by the sheriff's writ of garnishment to the Parker Bank & Trust Company. Defendant replevied the goods and chattels by executing a forthcoming bond, and secured a discharge of the garnishment, by giving bond as required by section 4312 of the Code of 1907. On September 17, 1910, plaintiff filed his complaint, and on September 21st, the same being the third day of the fall term of the circuit court, judgment nil dicit was rendered containing this recital: "Come the parties by their attorneys." This appeal is prosecuted on the theory that the judgment was prematurely rendered.

In the ordinary case of suits commenced by summons and complaint the statute provides that: "When the term of the court is but one week, the defendant must plead or demur to the complaint within the first day; and when the term of the court is more than one week, by noon of the second day."—Code, § 5347. In cases in which the suit is commenced by attachment on a demand due and payable at the time, "the plaintiff must, within the first three days of the return term of the at-

tachment, file his complaint, and the cause stands for trial at such return term, if the levy is made and notice thereof is given twenty days before the commencement of such term."—Code, § 2961. Section 2963 is as follows: "If the defendant appears and pleads, the cause proceeds as in suits commenced by summons and complaint; if he fails to appear, or appearing, fails to plead within the time required by law, the plaintiff may take judgment by default or nil dicit, and may execute a writ of inquiry, if necessary." This section was enacted at a time when the theory prevailed in this state that actions by attachment were in personam and might lead to binding personal judgments without actual personal notice. It was frequently so interpreted in practice. But since the decision in *Bank of Spokane v. Clement,* 109 Ala. 270, 19 South. 814, this court has followed the doctrine of the Supreme Court of the United States, which is that attachment proceedings, where the defendant is not brought in by personal service or fails to appear generally in defense, partake of the nature of proceedings in rem, and in such case the court is without jurisdiction to render a judgment of binding effect in personam, but may proceed only to a judgment condemning the property levied upon to the satisfaction of the plaintiff's demand, which, for that purpose only, is to be ascertained and declared. In view of this state of the law, section 2962 of the Code was enacted, as follows: "Whenever a complaint is filed in a suit begun by attachment, whether at the time of suing out the attachment or subsequently thereto, upon the demand of the plaintiff therefor, a summons shall issue upon the complaint in all respects, and with the same effect as if the suit had been begun by summons and complaint. The issuance and service of such a summons and complaint shall in no manner affect the levy or lien of the

attachment, or the enforcement thereof." So that, where service of summons and complaint is subsequently had, actions commenced originally by attachment are put on the same footing with actions in which attachments are sued out in aid of a pending suit. There was in this case no summons served, for the reason, no doubt, that the defendant remained without the state.

But, by executing a bond for the forthcoming of chattels or for the discharge of garnishment, in a suit begun by attachment, the defendant acknowledges notice of the suit, and, if the attachment proceeding is sufficient to invcoke the jurisdiction of the court, he thereby becomes bound to appear and defend, or becomes liable to be proceeded against as in case of personal service of process. From that time the proceeding becomes and is a personal action against the defendant, and, except in the respect provided by statute to be noticed, goes on as if the attachment had been sued out in aid of a pending suit, and the court is authorized to proceed to a judgment having like force and effect as in the case of an action commenced by summons personally served as well as a judgment condemning the property levied upon. It is clear that such was the legislative understanding of the effect of the execution of the bonds provided for by the statute, for it is enacted that, under certain conditions, judgment may be rendered against the sureties as to whom process is not required to issue.—*Peebles v. Weir,* 60 Ala. 413; *Chastain v. Armstrong,* 85 Ala. 215, 3 South. 788; *Hawkins v. Armour Packing Co.,* 105 Ala. 545, 17 South. 16; *Blyler v. Kline,* 64 Pa. 130; *Brenner v. Moyer,* 98 Pa. 274; *Richard v. Mooney,* 39 Miss. 357; *Wilkinson v. Patterson,* 6 How. (Miss.) 193; *Shields v. Barden,* 6 Ark. 459; Drake on Attachments, § 332.

The judgment recites an appearance by the defendant. But the recital is to be construed in connection with the appearance shown by the other parts of the record. The record shows only an appearance by the execution of the forthcoming bond and the bond for the discharge of the garnishment. The bill of exceptions, reserved on the motion to set aside the judgment, shows that by his appearance the defendant indicated no submission to the court's power to act at the time. It is obvious that an appearance made for a special purpose ought not to be held to give the court jurisdiction over the defendant, except to the extent of hearing and determining the question which he specially presents to it for consideration.—Freeman on Judgments, § 120a. In *Grigg v. Gilmer*, 54 Ala. 425, Chief Justice Brickell, speaking of the effect of an entry of an attorney's name on the margin of the docket of the court, opposite to the name of a party to the suit, accepted in practice as an appearance for such party, said: "The consequence resulting from an appearance thus made may be limited by the steps taken, or the pleadings interposed subsequently. If these refer to and are for the purpose of vacating an irregular service of process, or for showing to the court there has been no service of process, or for taking advantage of defects in the process, on error or appeal, such an appearance will not be deemed a general appearance, curing such irregularities or defects."

Where an effort has been made to confer upon the court jurisdiction in attachment by making affidavit in some sort, the law requires that "the plaintiff, before or during the trial, must be permitted to amend any defect of form or substance in the affidavit, bond, or attachment; and no attachment must be dismissed for any defect in the affidavit, if the plaintiff, his agent, or attorney, will make a sufficient affidavit, or for want of a

bond, if the plaintiff, his agent, or attorney is willing to give or substitute a sufficient bond."—Code, § 2965. The whole purpose and effect of the writ of attachment is to fasten a lien upon specific property in advance of the determination of the main suit. The action in personam to which it is auxiliary may, when personal service has been had or where the defendant obviates the necessity for personal service by a general appearance, proceed entirely without regard to whether a lien is secured. So, on the other hand, the lien sought depends entirely upon the attachment proceeding. The attachment rests upon its own facts, and not upon the facts of the main action.—*Reed v. Maben*, 21 Neb. 696, 33 N. W. 252.

Directing our attention, then, to the question of the validity of the proceeding for a lien, for by that proceeding only has the defendant been brought into court, it is to be noted that the affidavit required by the statute is "the initiatory step—the very foundation of the whole proceeding. It alone can call into exercise the extraordinary power of the court to command the seizure of the estate of the defendant, before he is heard, and before judgment pronounced against him."—*Flexner v. Dickerson*, 65 Ala. 130. An abatement of the attachment for want of affidavit destroys the attachment and puts it beyond repair. If thereafter the plaintiff would secure his debt by a lien in advance of judgment and execution at the end of the main suit, he must begin ab initio. The execution of the forthcoming bond and the bond for a dischcarge of the garnishment in order that the defendant might regain possession of his property, if taken from him by void process, could not, therefore, deprive him of the right to get rid of a levy which had in law no more effect upon the rightful possession than if it had not been made, and did not have

the effect of validating the writ and its levy.—*Jones v. Baxter,* 146 Ala. 620, 41 South. 781, 119 Am. St. Rep. 54. And if the attachment had to be abated, in the absence of summons, the entire proceeding would fall to the ground. Now section 2964 of the Code provides that an attachment issued without affidavit and bond, as prescribed, may be abated on plea of the defendant, filed within the first three days of the return term. And on the last quoted section the appellant bases his contention that the judgment was prematurely rendered. To hold that a judgment, dependent altogether upon attachment proceedings for its validity and taken before the expiration of the first three days of the term, is not prematurely taken, would be to overturn the statute vi et armis, and to that we cannot feel ourselves equal.

But it is argued that a plea seeking to abate the attachment for the reason that no affidavit and bond were made must be based upon the record; that the record showed that no such plea could be successfully interposed; and, therefore, the court needed not to wait for the plea. But we think the argument hardly meets the situation. While the record imports absolute verity so long as it is not attacked for fraud, for fraud it may be set at naught; and, notwithstanding an affidavit and bond appeared upon the face of the record, it was open to the defendant to allege and prove they were there by fraud and were not the bond and affidavit required by law. And, besides, other defenses were open to the defendant, as, for example, he might destroy the asserted lien of the attachment by showing that there had been no lawful levy, for a lawful levy also was essential to the lien of the writ. That was the case in *Jones v. Baxter, supra.* True, the statute does not in terms lay down a rule in respect to the time for filing other pleas destructive of the lien. But, as long as the cause is open

for the filing of the plea specified in the statute, the defendant may file other pleas having the same force and effect, provided, of course, he has not already pleaded, or taken other appropriate step challenging the validity of the lien of the attachment, in which event the cause stands for trial upon the day set by the clerk under the authority of section 5348 of the Code, and could not be called for trial before the day so set, except by consent. However lacking in merit may be any defense which may be hereafter interposed—though as to that we are not permitted to indulge presumptions—we feel constrained by the language of the statute to the conclusion that the defendant was acting within his rights when, as has been shown by the bill of exceptions, he refused to plead on the third day of the term, and that the premature judgment nil dicit was error for which the cause must be remanded.—*Hollis v. Herzberg*, 128 Ala. 474, 29 South. 582.

Reversed and remanded.

SIMPSON, ANDERSON, and SOMERVILLE, JJ., concur.