# Terminal Oil Mill Co. *v.* Planters W. & G. Co.

### Assumpsit.

(Decided November 16, 1916.   73 South. 18.)

1. **Appearance; Replevying Attached Property.**—Where suit was instituted against a foreign corporation by attaching some property alleged to belong to it, and the attachment was afterwards dissolved on the ground that the property attached was in custodia legis at the time of the levy, but defendant had replevied the property before the attachment was dissolved, and after the dissolution of the attachment the defendant appeared specially for the purpose of filing a plea to the jurisdiction of the court, which plea was stricken on motion of the plaintiff on the ground that the replevying of the property was such an appearance as conferred jurisdiction and authorized a personal judgment, there was no personal appearance, and the action of the court was erroneous, since both the attachment and bond was functus officio when the attachment was dissolved, and there was never any attempt to acquire jurisdiction by process, other than to subject the property.

2. **Courts; Jurisdiction; Waiver; Consent.**—In order for a non resident to waive his right to object to the lack of jurisdiction, or to consent to the exercise by the court of such jurisdiction as to his person, he must appear in court by agent or counsel, and consent for the court to proceed, or in some way contest plaintiff's right to a personal judgment, or must appear to have agreed to pay or satisfy such judgment if rendered.

3. **Same.**—Where the attachment was against a foreign corporation and the foreign corporation did not appear generally, did not consent to personal judgment against it, and did not contest plaintiff's right to such judgment

until after the court had stricken its plea to the jurisdiction, its resistance to the judgment thereafter was compulsory, and was not a waiver of its right to object, nor a consent to jurisdiction.

APPEAL from Covington Circuit Court.
Heard before Hon. H. A. PEARCE.

The Planters Warehouse & Gin Company sued the Terminal Oil Mill Company, a foreign corporation, and had attachment levied upon certain goods alleged to belong to the foreign corporation. After proceedings had as indicated in the opinion, there was judgment for plaintiff, and defendant appeals. Reversed and remanded.

JONES & POWELL, for appellant. BALDWIN & MURPHY, for appellee.

MAYFIELD, J.—Appellant is a foreign corporation. Suit was instituted against it in Alabama, by attaching some cotton seed. The attachment was dissolved, on the ground that the property was in custodia legis at the time of the levy. The defendant, however, had replevied the property before the attachment was dissolved. After the dissolution of the attachment, the defendant filed a plea to the jurisdiction of the court, which plea, on plaintiff's motion, was stricken on the ground that replevying the property was such an appearance as conferred jurisdiction and authorized a personal judgment.

In this ruling the trial court erred. There was never any appearance, of record or in court, such as to confer jurisdiction to render a personal judgment. It is unnecessary to decide whether such judgment could have been rendered if the attachment had not been dissolved, but had been retained, and the property condemned to the satisfaction of the process, and the defendant had then failed to have it forthcoming in accordance with the terms of the bond. Of course. in that event, a judgment could have been entered on the bond, as forfeited according to its terms and the practice of our courts. No such case, however, ever arose, and, of course, none such is here presented for decision. Both the attachment and the bond were functus officio when the attachment was dissolved, and there was never any attempt to acquire jurisdiction by process other than that to subject the property; and there was certainly no personal appearance, voluntarily or otherwise. The appearance in court, and that to

[Terminal Oil Mill Co. v. Planters W. & G. Co.]

answer the process served on its property, were each limited and special, to prevent its property from being subjected; and as the court decided that its property could not be so subjected, its appearance for .other purposes were at an end, and it declined to waive the court's lack of jurisdiction to render a personal judgment, as it had a right to do.

If the defendant had entered into bond to satisfy all such judgments as might be rendered against the defendant, there would then be more force in the position that there was a consent to the jurisdiction, or a waiver of the right to object; but the condition of the bond was to return to the sheriff the property attached, within 30 days after the defendant failed in the attachment suit. Defendant succeeded in the attachment suit, and there never could be an occasion to return the property to the sheriff.

(2) The cases and text-books relied upon by plaintiff to justify the action of the trial court in striking the plea are not apt. In order for a defendant, who is a nonresident, to waive his right to object to the lack of jurisdiction, or consent to the court's exercising such jurisdiction as to his person, he must appear in court by agent or counsel and consent for the court to proceed, or in some way contest the plaintiff's right to a personal judgment, or must appear to have agreed to pay or satisfy such judgment if rendered.

(3) Here the defendant never appeared for any such purpose, never consented to any such judgment, and never even contested the plaintiff's right to such judgment, until the court had stricken its plea to the jurisdiction. Resisting the judgment thereafter was compulsory, and not voluntary, and hence was not a waiver of its right to object, nor a consent to the jurisdiction.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.