**ATCHISON, T. & S. F. RY. CO. v. EDWARDS.**

No. 9092—Opinion Filed Oct. 8, 1918.

Rehearing Denied Nov. 19, 1918.

(175 Pac. 938.)

(Syllabus.)

1. **Garnishment — Collateral Attack on Judgment.**

Where an action was commenced against E., in a justice court in McClain county, and garnishment summons was issued and served upon a railway company, which answered and admitted an indebtedness to E., and where E. entered a special appearance in said action, and moved to set aside the summons and service thereof on the ground that E. was a resident of Pontotoc county, which motion was overruled, and judgment rendered in plaintiff's favor, and the garnishee, in compliance with the order of the court, paid the amount of the judgment into court and was discharged, from which judgment and order no appeal was prosecuted, held, that the judgment was not void upon collateral attack.

2. **Garnishment—Payment—Evidence.**

Where P. sued a railway company for certain sums alleged to be due, and the railway company, in defense of such action offered to show that previous thereto a suit had been filed against E. in another county, and garnishment summons issued and served upon the railway company, and that E. had entered a special appearance in that action and moved to set aside the summons and the service thereof, on the ground that E. was a resident of another

county, and that said motion was overruled and judgment rendered against E., and that the railway company in compliance with an order of said court, paid the amount of the judgment against E. into that court and was discharged, and that no appeal was prosecuted from said judgment and order, which offer of testimony was refused, held error.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Suit by George W. Edwards against the Atchison, Topeka, & Santa Fe Railway Company. There was judgment for plaintiff in justice court, and on appeal there was judgment in the district court in his favor, and defendant brings error. Reversed, and cause remanded.

Cottingham & Hayes and Geo. M. Green, for plaintiff in error.

B. C. Wadlington and A. W. Wadlington, for defendant in error.

HARDY, J. George W. Edwards sued the Atchison, Topeka & Santa Fe Railway Company in a justice court at Ada, in Pontotoc county, and secured a judgment in his favor, from which an appeal was prosecuted to the district court, where judgment was again rendered in his favor for $43.43. At the trial defendant offered to prove that prior thereto one Mrs. S. S. Claire had brought an action against plaintiff in McClain county upon a board bill, and caused a writ of garnishment to be issued and served upon defendant; that judgment was rendered in said action in favor of the plaintiff, Claire, for $17.50 and costs, of suit, and defendant, as garnishee in said action, was ordered to pay the amount of said judgment into court, which it did and was accordingly discharged. This offer was refused, and exceptions saved.

The evidence offered should have been admitted. The judgment in the garnishment proceedings was not void, nor subject to collateral attack, as contended by plaintiff. The record shows, and it is admitted, that plaintiff, by his attorney, filed a special appearance and motion to quash the summons and service thereof in the garnishment case, on the ground that same was not issued, served, and returned as required by law. Counsel for plaintiff state in their brief that this motion was based upon the fact that plaintiff, at the time the garnishment suit was pending, was a resident of Pontotoc county and therefore the justice of the peace in McClain county had no jurisdiction of the action. This motion was overruled, and no appeal was prosecuted from the ruling thereon.

By entering his special appearance in the garnishment action the plaintiff submitted himself to the jurisdiction of the justice court, for the purpose of determining his residence and deciding upon its jurisdiction of that action. The motion presented a question of fact which controlled the venue of the action, which fact is not apparent upon the face of the record in the garnishment suit, and when the justice court determined that fact adversely to plaintiff's contention, its judgment was binding upon plaintiff, unless reversed or set aside in some manner provided by law.

When plaintiff appeared specially in the proceedings in McClain county, he conferred jurisdiction of his person upon that court for the purpose of determining the questions presented by his motion and special appearance. 15 R. C. L. Title "Judgments," §§ 337, 474; 1 Freeman on Judgments, § 120a; 1 Black on Judgments, §§ 274, 522; Oliver v. Kinney, 173 Ala. 593, 56 South. 203. And that court having determined that it possessed jurisdiction and having found the requisite facts necessary to confer jurisdiction, and that finding remaining unreversed and unappealed from, its conclusion must be held final and binding in all collateral inquiries.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.