## Ex parte TUCKER.  (4 Div. 28.)

(Supreme Court of Alabama. Nov. 9, 1922.)

**1. Appearance 9(7)—Execution of replevy bond in attachment is equivalent to service of process on defendant.**

The execution of a replevy bond by defendant in attachment is equivalent to personal service of process on him, and gives the court the same jurisdiction over his person, and such bond, conditioned that, if defendant "shall deliver the property so levied upon to the proper officer by 12 o'clock noon, of the next term circuit court, at the courthouse door, of said county, then this obligation to be void, * * *" though not good as a statutory bond under Code 1907, § 2955, is clearly valid as a statutory obligation, and is sufficient to give jurisdiction, which jurisdiction would be defeated by the dissolution of the writ of attachment, thus nullifying the replevy bond based thereon.

**2. Abatement and revival 84—Appearance 22—Submitting to jurisdiction not bar to plea in abatement, though plea on merits first is.**

The execution of a replevy bond or the entry of a general and unconditional appearance by a defendant in attachment who was personally served is conclusive against his right to thereafter deny the jurisdiction, but it does not prevent his pleading any other plea in abatement, under Code 1907, § 5370, though if he pleads on the merits, without first interposing his plea in abatement, he thereby waives the matter in abatement.

**3. Abatement and revival 84—Plea in abatement not lost by thereafter pleading over to the merits.**

Where matter pleaded in abatement has been overruled, the defendant may, under Code

1907, § 5370, then plead over to the merits, without waiving his rights to assign for error on appeal the adverse ruling on his plea in abatement.

McClellan and Sayre, JJ., dissenting.

Certiorari to Court of Appeals.

Petition of R. B. Tucker for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of R. B. Tucker v. S. M. Quick, 18 Ala. App. 663, 94 South. 275. Writ denied.

Powell & Reid, of Andalusia, for petitioner.

The levy made by a special constable was unauthorized by law and void. Code 1907, § 2947; 42 La. Ann. 529, 7 South. 631. The bond executed by defendant did not constitute an appearance, for the reason that it was void; and such an appearance would not prevent the defendant from raising the question of jurisdiction by plea thereto. 197 Ala. 429, 73 South. 18; 54 Ala. 425; 93 Ala. 117, 9 South. 529; 165 Ala. 331, 51 South. 766; 2 Port. 162.

A. Whaley, of Andalusia, opposed.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. The appellee, Quick, sued out a writ of attachment against the appellant petitioner for $200, returnable to the circuit court. The writ was levied on petitioner's property by a specially deputized constable, and petitioner, who was and is a nonresident of Alabama, executed a replevy bond, whereupon the property was delivered to him.

Petitioner then appeared specially in the circuit court, and presented a motion to discharge the levy and also to dissolve the attachment, on the ground that the levy was void as having been made by a special constable. The court granted the motion to discharge the levy, but denied the motion to dissolve the attachment. Petitioner thereupon, appearing specially and for that purpose only, interposed a plea to the jurisdiction, setting up the foregoing facts, and alleging that no process had been served on him, nor anything done to confer jurisdiction over him.

A demurrer was sustained to this plea, and on appeal the ruling of the trial court was affirmed by the Court of Appeals on two grounds: (1) That by the execution of the replevy bond, petitioner voluntarily gave to the court jurisdiction over his person; and (2) that, by pleading over to the merits of the cause, after the elimination of his plea by judgment on demurrer, petitioner waived his plea to the jurisdiction, and lost his right to review the ruling of the trial court on the demurrer.

[1] The first ground relied upon for affirmance is undoubtedly sound. The execution of the replevy bond was the equivalent of a personal service of process on the defendant in attachment, and gave to the trial court the same jurisdiction over his person. Peebles v. Weir, 60 Ala. 413; Chastain v. Armstrong, 85 Ala. 215, 3 South. 788; Oliver v. Kinney, 173 Ala. 593, 56 South. 203. It made him "a party to the suit" (Peebles v. Weir, supra), and he was "bound to appear and defend * * * as in case of personal service of process" (Oliver v. Kinney, supra). Therefore, so far as jurisdiction was concerned, the question was foreclosed and predetermined by matter appearing on the record, and admitted by the plea.

Had the trial court dissolved the writ of attachment—that being the medium through which jurisdiction was acquired—the effect of the execution of the replevy bond would have been nullified, and a plea to the jurisdiction would have been available, as held in Terminal Oil Mill Co. v. Planters', etc., Co., 197 Ala. 429, 73 South. 18. If the language of the opinion in that case went further than that, it is in conflict with the several cases above cited, and must be to that extent disapproved. The decision, however, upon the distinction noted, seems to be in accord with the views expressed in Oliver v. Kinney, supra, 173 Ala. 603, 56 South. 203.

Though not good as a statutory bond, the replevy bond here exhibited was clearly valid as a common-law obligation (Adler v. Potter, 57 Ala. 571), and was sufficient to give the court jurisdiction over the defendant's person; that effect being in no wise dependent upon the technical form of the bond. The case of Jones v. Baxter, 146 Ala. 620, 41 South. 781, 119 Am. St. Rep. 54, relied upon by petitioner, holds nothing to the contrary.

[2] It is clear, we think, that the second ground stated in the opinion of the Court of Appeals, if intended as an independent basis for the conclusion declared, is opposed to the decisions of this court, as well as contradictory of section 5370 of the Code. It is to be noted, of course, that while the execution of a replevy bond, or the entry of a general and unconditional appearance, by a defendant in attachment who was personally served, is conclusive against his right to thereafter deny the jurisdiction (Oliver v. Kinney, supra; Merchants', etc., Bank v. Troy Grocery Co., 150 Ala. 128, 43 South. 208; Rosenberg v. Claflin Co., 95 Ala. 249, 10 South. 521; Lampley v. Beavers, 25 Ala. 534), it does not prevent his resort to any other plea in abatement (Oliver v. Kinney, supra). And when he is duly within the jurisdiction of the court, by whatever means or process that result is accomplished, if he then pleads to the merits of the cause, without first interposing any available plea in abatement, he waives the matter in abatement. Cooper v. Lakewood Co., 199 Ala. 633, 75 South. 307.

[3] But where the matter in abatement

has been seasonably and properly interposed by plea, and the plea has been held bad in law or in fact, the defendant may then plead over to the merits of the case, without waiving his right to assign for error on appeal the adverse ruling or judgment on his plea in abatement. Code, § 5370; Steele v. Booker, 205 Ala. 210, 87 South. 203.

The judgment of the trial court should be affirmed on the ground first stated, but affirmance cannot be predicated on the second ground relied upon.

The writ of certiorari will be denied.

All the Justices concur as to the second proposition.

ANDERSON, C. J., and GARDNER, THOMAS, and MILLER, JJ., concur in the opinion as to the first proposition, and in the denial of the writ.

McCLELLAN and SAYRE, JJ., dissent.

McCLELLAN, J. (dissenting). In my opinion this petition for certiorari to the Court of Appeals should be granted, and the order of affirmance there entered should be reversed. The petitioner, Tucker, was and is a nonresident. Quick's action against him was commenced by attachment. The levy was properly adjudged void by the trial court. Through Tucker's execution of a character of "forthcoming bond" (the presently material features of which will be quoted), the property taken under the void levy was delivered to Tucker. The only condition of Tucker's bond was as follows:

"Now, if the said R. B. Tucker shall deliver the property so levied upon to the proper officer by 12 o'clock noon of the next term circuit court, at the courthouse door of said county, then this obligation to be void; otherwise, to remain in full force and effect."

Manifestly this was not a statutory replevy bond. Code, § 2955. No other effective measure was taken in the trial court to so bring the nonresident into court as to authorize the rendition of the personal judgment that was rendered against him, by the Court of Appeals affirmed. The majority of the court has held, upon authority of Peebles v. Weir, 60 Ala. 413, and Chastain v. Armstrong, 85 Ala. 215, 3 South. 788, that the execution by Tucker of this bond brought Tucker under the jurisdiction of the trial court in such sort as to justify the personal judgment against him. The bond given by Tucker in the present case is materially different from the replevy bond on which the ruling in the Peebles and Chastain Cases, supra, was based. In the Peebles Case the bond contained the assurance that the defendant would "defend said action to effect," or if he failed he would return the property to the proper officer. In the Chastain Case it appears from the original record, which has been consulted, that the defendant's bond provided, "if the defendant shall [should] fail in the action," he would return the property to the proper officer. In both of these cases the bond was a replevy bond under the statutes. The bond given by Tucker contained no such assurance as that quoted from the bonds in the Peebles and Chastain Cases. These considerations should differentiate those cases from the case under review.

An additional consideration, discriminating the cases of Peebles and Chastain, is that both were decided at a time when this court was adhering to the view that a nonresident, whose property was the subject of levy by the court issuing the writ, subjected himself to the jurisdiction of that court to render a personal judgment against him. That rule of the local courts was, in effect, annulled in consequence of the pronouncement of the Supreme Court in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, and Exchange National Bank v. Clement, 109 Ala. 270, 280–281, 19 South. 814. To now apply the doctrine of the Peebles and Chastain Cases is to deny appropriate effect to the change of legal status that was recognized by this court in the Clement Case, supra. There may possibly be yet some ground upon which to found a conclusion that a nonresident has subjected himself to the jurisdiction of the court when he executes a bond to regain the property, in which he gives assurance that he will defend the action, as was the condition in the Peebles and Chastain Cases. The more recent case of Oliver v. Kinney, 173 Ala. 593, 56 South. 203, is not an authority in support of the majority view. The bond there contained the substantial terms which we have quoted from the bonds considered in the Peebles and Chastain Cases. The act that awakens the jurisdiction of the court, and in connection with a statutory replevy bond (not a common-law bond) may impose the consequences of an attained jurisdiction upon the replevying defendant, is the levy, and it would seem quite plain that, where the levy was, as in this instance, void, no jurisdiction to render the personal judgment against the nonresident defendant was obtained.

In the writer's opinion, the sound doctrine of the case of T. O. Mill Co. v. Planters', etc., Co., 197 Ala. 429, 73 South. 18, is applicable, and should rule this application for certiorari.

SAYRE, J., dissenting, is of the opinion that, where the levy is void, the execution of the replevy bond does not of itself give jurisdiction of the person.