(96 South. 608)

## HALL v. PEARCE. (8 Div. 550.)

(Supreme Court of Alabama. May 3, 1923.)

**1. Appearance ⊜⟹8(7)—By executing replevin bond and receiving attached property, defendant becomes liable as in case of personal service.**

After attachment of property under authority of Code 1907, §§ 4739–4741, where the owner executes a replevin bond and receives the property attached he thereby acknowledges notice of suit and becomes liable to be proceeded against as in case of personal service of process.

**2. Attachment ⊜⟹241—Time for filing plea in abatement is discretionary with court.**

The time for filing plea in abatement to an attachment suit without affidavit or bond under

Code 1907, § 2964, is discretionary with the trial court and not mandatory.

**3. Attachment ⊜⟹254—Overruling demurrer to plea in abatement in attachment held not error.**

Where a plea in abatement to an attachment proceeding alleged that "the grounds alleged in said affidavit are untrue" held, that the court did not err in overruling a demurrer to the plea.

**4. Appeal and error ⊜⟹728(1)—Assignment of error held not to sufficiently state in what the error consists.**

An assignment of error in that the lower court erred "in the several rules on the admissions and exclusions and nonadmissions and nonexclusions of evidence shown, Tr. pages 12 to 16, inclusive" is an insufficient compliance with rule 1 of Supreme Court, Code 1907, p. 1506, requiring assignments of error to state concisely in what the error consists and cannot be considered.

**5. Trial ⊜⟹143 — General affirmative charge properly refused where evidence is conflicting.**

Where the evidence is clearly in conflict, a general affirmative charge with hypothesis is properly refused.

**6. Appeal and error ⊜⟹739—Where denial of several charges is assigned as single error appellate court need only determine that one was properly denied.**

Where the court's refusal separately of eight different charges is assigned as a single error on appeal, and it appears that one of such charges was properly denied, it is unnecessary for the appellate court to consider the other charges mentioned in the assignment.

Miller, J., dissenting in part.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Attachment suit by A. C. Hall against G. T. Pearce. From a judgment abating the attachment, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Street & Bradford, of Guntersville, for appellant.

The demand for jury "for the trial of the issues in the above case" was a general appearance, and a waiver of the right to plead in abatement. Burroughs v. Wright, 3 Ala. 43; Merchants' Laclede Nat. Bank v. Troy Gro. Co., 150 Ala. 128, 43 South. 208; Wheeler v. Bullard, 6 Port. 352; Baker v. Pope, 49 Ala. 415; McAdams v. Windham, 191 Ala. 287, 68 South. 51; Craig & Co. v. Pierson Lbr. Co., 179 Ala. 535, 60 South. 838.

Orr & Kilcrease, of Albertville, for appellee.

The court did not err in refusing to strike the plea in abatement. Code 1907, § 2961; Perkerson v. Snodgrass, 85 Ala. 137, 4 South. 752.

━━━━━━━━━━━━━━━━━━━━━━

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MILLER, J. A. C. Hall, appellant, commenced this suit on November 11, 1920, against G. T. Pearce, to collect $175 for rent and advances by affidavit, attachment bond, and writ of attachment, as is permitted by sections 4739, 4740, and 4741 of the Code, of 1907. The attachment writ was issued by the clerk of the circuit court on November 11, 1920 and was executed by the sheriff on November 13, 1920, by levying on a bale of cotton and about 700 pounds of seed cotton, together with about 7 acres of cotton in the field. The defendant on November 18, 1920, executed a replevy bond, which was approved and filed November 20, 1920, and he secured possession by it of all the property levied on by the sheriff under the writ of attachment. On November 18, 1920, the defendant also filed in court in this cause a written demand for "a jury to try the issues involved in the above-entitled case."

The defendant on January 12, 1921, pleaded in abatement to the attachment, and for grounds of said plea assigned the following:

"(1) The relation of landlord and tenant does not exist between the plaintiff and defendant and did not so exist at the commencement of this suit.

"(2) The defendant denies that he is indebted to the plaintiff for rents and advances as alleged in said affidavit.

"(3) The defendant denies that the plaintiff has a landlord's lien on the crops of the defendant.

"(4) The grounds alleged in said affidavit are untrue."

The plea was signed by attorneys for defendant and filed January 12, 1921. It was not sworn to until November 23, 1921. The court on November 23, 1921, refused and overruled the motion of plaintiff to strike the grounds of the plea in abatement of defendant filed January 12, 1921, and plaintiff duly excepted to this ruling of the court. The plaintiff then demurred to grounds 1, 2, 3, and 4 of defendant's plea in abatement, filed January 12, 1921. The court sustained demurrers to said grounds numbered 1, 2, and 3, and overruled demurrers to ground numbered 4. Issue was joined on ground numbered 4 of the plea in abatement, the jury returned a verdict in favor of the defendant on that issue, and the court ordered that the attachment and suit be and they are hereby abated, and taxed the plaintiff with the cost of the suit. The present appeal is prosecuted by the plaintiff from that judgment.

The fourth ground of the plea in abatement is as follows: "The grounds alleged in said affidavit are untrue." The affidavit contains this ground:

"And that the said G. T. Pearce has removed from the premises or otherwise disposed of a part of the crop without paying such rent and advances or either and without the consent of the landlord and that this attachment is not sued out for the purpose of vexing or harassing the defendant or other improper motive."

In Brown v. Coats, 56 Ala. 442, Justice Stone wrote for the court:

"But the question, whether the attachment was rightfully sued out, was matter of abatement only, and could only be raised by plea in abatement. * * *"

[1] When the defendant on November 18, 1920, executed a replevy bond in the cause, which was approved November 20, 1920, and received the property attached, he thereby acknowledged notice of the suit, and was liable to be proceeded against as in cases of personal service of process. Peebles v. Weir, 60 Ala. 413; Oliver v. Kinney, 173 Ala. 598, 56 South. 203. On the same day, November 18, 1920, the defendant appeared in writing in court in this cause, and demanded a jury trial. The defendant having appeared in court by executing the replevy bond, and by demanding a jury trial on November 18, 1920, under the statute, was required to plead, answer, or demur thereto within 30 days thereafter. Section 5346, Code 1907, as amended Gen. Acts 1915, p. 825. No complaint was filed until November 23, 1921, and no plea, answer, or demurrer could be presented to it until it was filed by the plaintiff. However, section 2964, Code 1907, reads:

"An attachment issued without affidavit and bond, as prescribed in this chapter, may be abated on plea of the defendant, filed within the first three days of the return term."

When this section is construed in connection with section 5346 of the Code of 1907, as amended by General Acts 1915, p. 825, we must hold that defendant had 30 days after notice of the suit—after the execution and approval of the replevy bond in this case—to file the plea in abatement to the attachment. General Acts 1915, p. 707, approved September 22, 1915, fixes the time when the circuit court shall be open for the transaction of any and all business or judicial proceedings of every kind. It is from the "first Monday in January to and including the last Saturday of June of every year; and from the first Monday after the Fourth of July to and including the last Saturday before Christmas Day of every year." In Peebles v. Weir, 60 Ala. 413, 416, Chief Justice Brickell, wrote for the court:

"Defects in process, the matter of a plea in abatement, may be waived. Pleas in abatement can be filed only within the three first days of the term, and the matter of them is waived, if they are not filed within that time, and it cannot on error furnish cause of reversal."

The above quotation is practically approved in Oliver v. Kinney, 173 Ala. 594, headnotes 7 and 8, 56 South. 203, by this court.

The writ of attachment was issued November 11, 1920, and was made returnable at

the next term of the circuit court, which was the first Monday of January, 1921. This was the 3d day of January, 1921, and the plea in abatement was filed January 12, 1921, which was not within the first three days of the return term of the court, as section 2964 of the Code of 1907 required, before the time for pleading was changed by section 5346 as amended, Acts 1915, p. 825.

The defendant had, within 30 days after November 20, 1920, when the replevy bond signed by him was filed and approved in the cause, to file the pleas in abatement to the attachment. They were filed January 12, 1921; this was more than 30 days after the execution, filing, and approval of the replevy bond. This fourth ground of the plea in abatement to the attachment was filed too late, it was waived by the defendant, and the court erred in refusing and overruling the motion of the plaintiff to strike ground numbered 4 of the plea in abatement from the file. Section 2964, Code 1907; and section 5346, as amended Acts 1915, p. 825; Oliver v. Kinney, 173 Ala. 593, 56 South. 203; Peebles v. Weir, 60 Ala. 413.

Under the interpretation given section 2964 of the Code of 1907 by Chief Justice Brickell in Peebles v. Weir, 60 Ala. 413, the time for filing pleas in abatement under it is mandatory and not within the discretion of the court. In that case the court declared a plea in abatement not filed within the time prescribed by it was waived, came too late. We do not think this interpretation of it should be changed by us, and that part of the opinion overruled. It is true other pleas in abatement may be filed within the discretion of the court after the time for filing such plea has passed, if not waived by the defendant. Hawkins v. Armour Packing Co., 105 Ala. 545, 17 South. 16. But in the Peebles case, supra, Justice Brickell differentiates such pleas in abatement from those that are filed under section 2964, which relate to attachments, affidavits, and bonds as prescribed under that chapter. The plea in abatement in Hawkins v. Armour Packing Co., 105 Ala. 545, 17 South. 16, was in reference to "an alleged variance between the affidavit, bond, attachment and the complaint." It was not because there was no affidavit and bond as prescribed in this attachment chapter nor on account of any alleged defect in the affidavit and bond; and it has no application to section 2964 or to this case. That plea was not filed under that section.

[2] Chief Justice ANDERSON, Justice McCLELLAN, SAYRE, SOMERVILLE, and GARDNER do not concur with the writer in the above, as they hold that the time for filing a plea in abatement is discretionary with the trial court and not mandatory, that this discretion was not abused in this cause, and the court did not err in overruling the motion to strike ground No. 4 of the plea in abatement from the file. Hawkins v. Armour Packing Co., 105 Ala. 545, 17 South. 16.

[3] The demurrers assigned to ground No. 4, hereinbefore referred to in this opinion, in the plea in abatement were properly overruled by the court. Brown v. Coats, 56 Ala. 442.

[4] Assignment of error No. 3 reads as follows:

"In the several rulings on the admissions and exclusions and nonadmissions and nonexclusions of the evidence shown, Tr. pages 12 to 16, inclusive."

This does not comply with rule 1 (p. 1506, Code 1907) of Supreme Court. This assignment of error does not state concisely in what the error consists. It should do so. Errors assigned in this way will not be considered by this court. Supreme Court Rule 1; Woodruff v. Smith, 127 Ala. 77, 28 South. 736.

[5] Assignment of error 4 is as follows:

"In his refusal to give each of the several written charges No. 1 to No. 8, inclusive, shown on Tr. pages 16 and 17."

[6] The refusal separately of eight different charges is assigned as one error in No. 4. One of these written charges, No. 3, is the general affirmative charge, with hypothesis, in favor of the plaintiff. The evidence was in clear conflict on the facts averred in plea in abatement numbered 4, and this charge was properly refused by the court. McMillan v. Aiken, 205 Ala. 35, headnotes 9–11, 88 South. 135. This being true, it is unnecessary under this one assignment of error to consider the other charges mentioned in it. City of Montgomery v. Moon, 208 Ala. 472, 94 South. 337, headnote 3; Ashford v. Ashford, 136 Ala. 631, headnote 9, 34 South. 10, 96 Am. St. Rep. 82.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and GARDNER, JJ., concur.

MILLER, J., dissents in part.

THOMAS, J., not sitting.